STATE v. JOHN H. HARWOOD.

(Filed 28 February, 1934.)

**1. Attorney and Client E a—**

> All prior statutes relating to the disbarment of attorneys were repealed and superseded by chap. 64, Public Laws of 1929.

**2. Criminal Law C d—Punishment determines the grade or class of a crime.**

> The grade or class of a crime is determined by the punishment prescribed therefor and not the nomenclature of the statute, a felony being a crime punishable by death or imprisonment in the State prison, and while all misdemeanors for which no punishment is prescribed are punishable as misdemeanors at common law, where the offense is infamous, or done in secrecy or malice, or with deceit and intent to defraud, it is punishable by imprisonment in the county jail or State prison, C. S., 4173, and is a felony.

**3. Same: Attorney and Client E b—Plea of guilty to indictment charging wilful and secret destruction of public records is confession of felony.**

> A plea of guilty to an indictment charging defendant with wilfully, feloniously, secretly, and maliciously giving aid and assistance to his codefendant by manufacturing evidence, altering and destroying original records in the office of the Commissioner of Revenue, etc., C. S., 4255, is a confession of a felony, C. S., 4173, and is ground for disbarment if defendant is a practicing attorney. Chapter 64, Public Laws of 1929.

**4. Attorney and Client E b—**

> Whether an offense confessed by an attorney shows him "unfit to be trusted in the duties of his profession" is not a fact to be found by the court, but is a conclusion of law to be deduced from the facts revealed to the court, and defendant's motive in the commission of the crime is not determinative.

**5. Same—Judgment upon conviction of attorney of felony must include order of disbarment, and no notice of such order is necessary.**

> Where an attorney has confessed to the commission of a felony showing him to be unfit to be trusted in the duties of his profession, it is the imperative duty of the trial court to include in the judgment an order of disbarment, and no previous notice to defendant of such order is necessary, and a motion thereafter made to vacate the order on the ground that it was made without notice and was void and was entered through mistake and contrary to the course and practice of the court is properly refused.

APPEAL by defendant from *Harris, J.,* at October Term, 1933, of WAKE. Affirmed.

Lola G. Harwood, daughter of the defendant, was indicted for the embezzlement of various sums of money, the property of A. J. Maxwell, Commissioner of Revenue for the State of North Carolina (C. S., 4268),

and the defendant was indicted for the mutilation and destruction of public records and the fabrication of false and spurious evidence in violation of section 4255 of the Consolidated Statutes. The cases against these two defendants were called for trial at the April Term, 1932, of the Superior Court of Wake County, and after the jury had been empaneled Lola G. Harwood pleaded guilty of a breach of section 4268 and the defendant pleaded guilty of a breach of section 4255. The court then sentenced John H. Harwood to imprisonment in jail for a term of twelve months to be assigned to work on the public roads, but during the term on motion of counsel and by consent of the defendant the court changed the sentence to imprisonment for one year in the State prison. At the same term the court made the following order: "It appearing . . . that the defendant . . . is a duly licensed attorney at law and that he has pleaded guilty to a felony as charged in the bill of indictment . . . : It is the judgment of the court that said John H. Harwood be disbarred from practicing as an attorney at law, and the clerk is directed to transmit a certified copy of this judgment to the Supreme Court."

The defendant served his term and in October, 1933, he made a motion in the Superior Court of Wake County to vacate the order of disbarment, alleging that it had been made without notice to him, that the order and the record upon which it had been made were void, and that it had been entered through a mistake of fact and contrary to the course and practice of the court. The motion was denied and the defendant excepted and appealed.

*Ball & Ball* for appellant.
*Attorney-General Brummitt and Assistant Attorney-General Seawell,* contra.

ADAMS, J. It is needless to call attention to the several amendments of the statute that was first enacted in this State for the disbarment of attorneys. Public Laws, 1870-1, chap. 216, sec. 4. They were all repealed and superseded by the act of 1929 (Pub. Laws, chap. 64), which was in effect at the time the orders complained of were made respectively by Judge Devin and Judge Harris, who presided in the Superior Court. The following are the material and pertinent clauses of the statute: "No attorney at law shall be disbarred for crime unless after conviction or confession in open court, State or Federal, of a criminal offense showing him to be unfit to be trusted in the duties of his profession. After conviction of a felony showing him to be unfit to be trusted in the duties of his profession he must be disbarred by the court; and if any attorney be convicted of or confess to the commission of a felony of such nature in a State court, the presiding judge of such court . . . shall cause

a judgment to be entered and docketed in the office of the clerk of the Superior Court in which such attorney is convicted, or in which such attorney is practicing, disbarring said attorney, and the clerk of the Superior Court in which the same is docketed shall forthwith transmit a certified copy of said judgment to the clerk of the Supreme Court; whereupon the Supreme Court shall revoke the license and the right of such attorney to practice law in this State."

If, therefore, the defendant pleaded guilty to the commission of a felony "showing him to be unfit to be trusted in the duties of his profession" he subjected himself to the imperative duty of the court to debar his further practice of the law.

Did the defendant "confess to the commission of a felony?" He was indicted and prosecuted for violation of section 4255 of the Consolidated Statutes, and each of the several offenses therein mentioned is denominated a misdemeanor. Nomenclature, however, does not always determine the grade or class of a crime: a felony is a crime which is or may be punishable either by death or by imprisonment in the State prison and any other crime is a misdemeanor. Calling an offense a misdemeanor does not make it so when the punishment imposed makes it a felony. S. v. Newell, 172 N. C., 933; S. v. Hyman, 164 N. C., 411.

All misdemeanors for which a specific punishment is not prescribed shall be punished as misdemeanors at common law; but if the offense be infamous, or done in secrecy or malice, or with deceit and intent to defraud, the offender shall be punished by imprisonment in the county jail or in the State prison. C. S., 4173. The indictment charges the defendant with wilfully, feloniously, secretly, and maliciously giving aid and assistance to his codefendant by "manufacturing false and spurious evidence," by erasing, mutilating, altering, and destroying original records in the office of the Commissioner of Revenue, and composing and forging letters and carbon copies purporting to have been written by the Commissioner of Revenue—all with intent thereby to prevent the conviction of his codefendant. This offense is punishable by imprisonment in the penitentiary, and by admitting his guilt the defendant confessed that he had committed a felony. S. v. Ritter, 199 N. C., 116, 120.

Whether the offense committed by the defendant shows him unfit to be trusted in the duties of his profession is not a fact to be found by the Court; it is a conclusion of law to be deduced from facts which are revealed to the court. McLean v. Johnson, 174 N. C., 345. The case is that of a licensed attorney who, after appointment to the bench, turned from the exercise of judicial functions to the private inspection and the secret and deceptive mutilation and destruction of momentous public records. That the court thought him unfit to be further "trusted

in the duties of his profession" is implicit in Judge Devin's judgment. The motive actuating the defendant, the impelling thought, is not decisive of the question.

Sitting as a Court with jurisdiction only to review upon appeal decisions "upon any matter of law or legal inference" we can reach only one conclusion: in the light of unquestioned facts Judge Devin by the terms of the statute was charged with the performance of an imperative duty, and with his judgment Judge Harris rightly declined to interfere. Disbarment necessarily followed the defendant's conviction; it was an essential part of the judgment, and no previous notice to the defendant was required. In *McLean v. Johnson, supra,* disbarment was enforced upon conviction of a misdemeanor. Other questions suggested in the briefs need not be considered. Judgment

Affirmed.