IN RE DISBARMENT OF EDGAR C. WEST.

(Filed 13 October, 1937.)

1. **Attorney and Client § 12—**

   An attorney may be disbarred by judicial or statutory procedure.

2. **Same: Constitutional Law § 17—**

   In disbarment proceedings had in conformity with the legislative method, ch. 210, Public Laws of 1933, respondent's exception on the ground that the proceedings deprived him of his right to trial by jury is untenable when the matters in issue are determined by a jury upon his appeal to the Superior Court.

3. **Same—Respondent may not contend in Superior Court that prior proceedings were void when he participated therein without objection.**

   A respondent in disbarment proceedings had in conformity with the legislative method cannot successfully contend upon appeal to the Superior Court that all proceedings prior to the time of trial in the Superior Court were void as being without warrant of law when he participated therein, without objection, since the proceedings are civil in nature rather than criminal, and the objection being based upon a constitutional right which may be waived by express consent, failure to assert same in apt time, or by conduct inconsistent with a purpose to insist upon it.

**4. Same: Pleadings § 29—**

 In a legislative disbarment proceeding, a motion to strike from the complaint allegations relating to matters occurring prior to the effective date of ch. 210, Public Laws of 1933, is too late when not made until after the jury has been impaneled. C. S., 537.

**5. Appeal and Error § 40b—**

 The refusal of a motion to strike out certain allegations will not be held prejudicial when all evidence relating to such allegations is excluded at the trial.

**6. Attorney and Client § 13—**

 A demurrer to the evidence bearing upon certain charges in disbarment is correctly overruled when there is more than a scintilla of evidence supporting the charges even though the evidence relating thereto is conflicting.

**7. Trial § 22b—**

 If diverse inferences may reasonably be drawn from the evidence, some favorable to plaintiffs and others favorable to defendant, the cause should be submitted to the jury for final determination.

**8. Appeal and Error § 49—**

 A decision of the Supreme Court is authority only as to matters therein decided. The *Parker case*, 209 N. C., 693, is not authority for eliminating offenses committed prior to 1 July, 1933, the effective date of the act incorporating the State Bar.

**9. Attorney and Client § 11: Constitutional Law § 15b—**

 This State requires as high a standard of conduct for attorneys as is elsewhere required, but the right to practice may not be revoked without due process of law.

APPEAL by respondent, Edgar C. West, from *Harris, J.,* at June Term, 1937, of HARNETT.

Disbarment proceeding, instituted 19 November, 1934, by the North Carolina State Bar, under authority of ch. 210, Public Laws 1933, on allegations of fraud, deceit, retention of funds without *bona fide* claim of right thereto, soliciting professional business, and general unfitness for the practice of law.

The charges fall into two classes in respect of the time of their commission: First, those occurring prior to 1 July, 1933, the effective date of the act incorporating the North Carolina State Bar, while respondent was acting as counsel for J. B. Colt Company; and, second, those occurring after said date, while respondent was acting as counsel for Stacy Couser, individually, and as administrator of his wife.

The Trial Committee of the State Bar found the respondent guilty on all the charges as preferred, and recommended his disbarment. Upon exceptions, the report of the Trial Committee was heard by the Council of the North Carolina State Bar at its quarterly meeting on 17 July, 1936, and resulted in adoption of resolution disbarring the respondent on account of the matters and things set out in the second class of charges,

or those occurring since 1 July, 1933, the Council holding, "in deference to the opinion of the Supreme Court of North Carolina in *In re Parker,* 209 N. C., 693, . . . it is without jurisdiction of the offenses committed prior to 1 July, 1933."

The respondent duly filed objection and exception to the judgment of the Council and appealed to the Superior Court of Harnett County.

It is admitted that the procedure before the Trial Committee and the Council of the State Bar was in conformity to the provisions of the act incorporating the State Bar, ch. 210, Public Laws 1933.

When the matter was called for trial in the Superior Court, and after the jury had been sworn and impaneled, but before any evidence was introduced, the respondent moved to dismiss the proceeding for want of jurisdiction, in that (1) the matter was not originally instituted in any court of competent jurisdiction, and no valid order of reference was made therein; (2) respondent had been deprived of his right of trial by jury, and all prior steps taken in the matter were without warrant of law. Overruled; exception.

The respondent then moved the court to strike from the statement of complaint all allegations pertaining to matters occurring prior to 1 July, 1933. Overruled; exception. The court did, however, later exclude all evidence pertaining to these matters, and they were not submitted to the jury.

The jury returned the following verdict:

"1. Did respondent, Edgar C. West, in his capacity as attorney at law, collect money for his client, Stacy Couser, individually and as administrator of his wife, from Atlantic Coast Line Railroad Company and retain part of the same without a *bona fide* claim thereto, as alleged in the complaint? Answer: 'Yes.'

"2. Did respondent, Edgar C. West, in his capacity as attorney at law, willfully deceive his said client, Stacy Couser, individually and as administrator of his wife, and was he guilty of other unprofessional conduct in connection with collections from Atlantic Coast Line Railroad Company, as alleged in the complaint? Answer: 'Yes.'"

Judgment on the verdict disbarring the respondent, from which he appeals, assigning errors.

*J. L. Emanuel for North Carolina State Bar.*
*I. R. Williams for respondent.*

Stacy, C. J. There are two methods by which an attorney may be disbarred:

1. The one judicial. *Attorney-General v. Gorson,* 209 N. C., 320, 183 S. E., 392; *Attorney-General v. Winburn,* 206 N. C., 923, 175 S. E., 498; *In re Stiers,* 204 N. C., 48, 167 S. E., 382.

2. The other legislative. *In re Parker,* 209 N. C., 693, 184 S. E., 532; *Committee on Grievances v. Strickland,* 200 N. C., 630, 158 S. E., 110.

In the instant case, the legislative method alone has been pursued, and the regularity of the proceeding under the statute is admitted.

It is not perceived how the respondent can contend, with any hope of success, that his right of trial by jury has been taken away when the controverted matter has been tried by a jury. At the time of his motion, the jury had been sworn and impaneled, and was then ready to try the case. *In re Applicants for License,* 143 N. C., 1, 55 S. E., 635.

Nor is it perceived upon what ground the respondent can successfully contend that all prior proceedings were void after he had participated therein, without objection, up to the time of trial in the Superior Court. Compare *Board of Medical Examiners v. Gardner,* 201 N. C., 123, 159 S. E., 8; *S. v. Carroll,* 194 N. C., 37, 138 S. E., 339; *Mann v. Board of Optometry Examiners,* 206 N. C., 853, 175 S. E., 281. The proceeding partakes of the nature of a civil action, rather than that of a criminal prosecution. *In re Ebbs,* 150 N. C., 44, 63 S. E., 190; 2 R. C. L., 1088. A constitutional right, as well as a statutory one, may be waived by express consent, by failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it. *S. v. Hartsfield,* 188 N. C., 357, 124 S. E., 629; *S. v. Mitchell,* 119 N. C., 784, 25 S. E., 783. Compare *S. v. Camby,* 209 N. C., 50, 182 S. E., 715.

The respondent's second exception is equally untenable. His motion to strike from the complaint all allegations pertaining to matters occurring prior to 1 July, 1933, even if meritorious, which is neither conceded nor decided, comes too late, C. S., 537, and no prejudice has been shown to have resulted from the court's action thereon. *Hosiery Mill v. Hosiery Mills,* 198 N. C., 596, 152 S. E., 794; *Pemberton v. Greensboro,* 203 N. C., 514, 166 S. E., 396; *Rucker v. Snider Bros.,* 211 N. C., 566. All the evidence pertaining to these matters was excluded and withheld from the consideration of the jury. The respondent has no just cause to complain at the court's action in this respect. *Roller v. McKinney,* 159 N. C., 319, 74 S. E., 966.

The respondent demurred to the evidence bearing upon the charges in the second class, or those relating to the Stacy Couser matters, which occurred after the incorporation of the State Bar, and moved for judgment of nonsuit under the Hinsdale Act, C. S., 567. To the overruling of this motion, the respondent excepted and assigns same as error. The ruling is correct. True, the evidence is not all one way. It is conflicting. There is more than a scintilla to support the charges. This required its submission to the jury. *Diamond v. Service Stores,* 211 N. C., 632; *Lincoln v. R. R.,* 207 N. C., 787, 178 S. E., 601. The rule

is, that if diverse inferences may reasonably be drawn from the evidence, some favorable to the plaintiff and others favorable to the defendant, the cause should be submitted to the jury for final determination. *Hobbs v. Mann,* 199 N. C., 532, 155 S. E., 163.

Doubtless in recognition of the correctness of the court's ruling on the motion to nonsuit, the respondent has omitted any discussion of the exception in his brief. This renders it unnecessary to recapitulate the evidence or to set it out in detail. Its delineation would serve no useful purpose. The exception to its sufficiency is not well taken.

It will be noted that the charges falling in the first class, or those relating to the J. B. Colt Company matters, all of which occurred prior to 1 July, 1933, were eliminated "in deference to the opinion of the Supreme Court of North Carolina *In re Parker,* 209 N. C., 693." While the matter may even now be more or less academic, and certainly will in time become entirely so, as the probability of the question again arising will become increasingly remote, still it may not be amiss to observe that the opinion in the *Parker case, supra,* is scarcely authority for the deference suggested. That case, like this one, is authority only for what it decides. There, we were interpreting a record. The case was made to turn on the insufficiency of the evidence to show that the act complained of was done by the respondent in his capacity as an attorney. Only one issue was submitted to the jury. "Not on this record" was the answer to the inquiry: "Shall the respondent be disbarred by the statutory method?" This was the only question determined. All other matters were either continued in the trial court or not decided on appeal. Likewise, in the present case, we are principally concerned with the interpretation of the record.

Neither the *Parker case, supra,* nor this one, is predicated upon any lowering of the high standard of conduct required of attorneys. This standard is as high in North Carolina as it is elsewhere. *In re Applicants for License, Farmer and Duke,* 191 N. C., 235, 131 S. E., 661; *In re Dillingham,* 188 N. C., 162, 124 S. E., 130. It is not after the manner of our courts, however, to deprive a lawyer, any more than anyone else, of his constitutional guaranties or to revoke his license without due process of law. *In re Stiers, supra; Committee on Grievances v. Strickland, supra.* In other words, to borrow an expression from the field of sports, before any citizen, lawyer or layman, can be called out on strikes, the ball must be put over the plate. *Abernethy v. Burns,* 210 N. C., 636, 188 S. E., 97; *S. c.,* 206 N. C., 370, 173 S. E., 899. This was the holding in *Strickland's case, supra,* in *Stiers' case, supra,* in *Abernethy's case, supra,* and in *Parker's case, supra.* It is the just rule applicable alike to all and to which all may repair. It also has the merit of being easily understood. He may run that readeth it. Habakkuk 2 :2.

7—212

The application of the rule to facts properly presented resulted in disbarment in each of the following cases: *Attorney-General v. Gorson, supra* (fraud in the procurement of license, consisting of false statement and *suppressio veri*)`;` *Attorney-General v. Winburn, supra* (conduct unbecoming member of the bar, consisting of false statements and *suppressio veri*); *S. v. Harwood*, 206 N. C., 87, 173 S. E., 24 (confession in open court to commission of felony); *S. v. Hollingsworth, ibid.*, 739, 175 S. E., 99 (plea of *nolo contendere* to charge of false pretense and license voluntarily surrendered; reinstatement denied); *McLean v. Johnson*, 174 N. C., 345, 93 S. E., 847 (criminal convictions); *S. v. Pace*, 210 N. C., 255, 186 S. E., 366 (conviction of embezzlement; question of disbarment not debated, hence not adverted to in report of case).

In the absence of any reversible error, which respondent has failed to show, the verdict and judgment will be upheld.

No error.