IN RE DISBARMENT OF JOHN M. BRITTAIN.

(Filed 22 June, 1938.)

**1. Attorney and Client §§ 12, 15—Disbarment ordered in this case by Supreme Court on motion of Attorney-General, it appearing respondent had confessed in open court to guilt of crimes involving moral turpitude.**

When on appeal to the Supreme Court in disbarment proceedings instituted before the Trial Committee of the State Bar, it appears that respondent has confessed his guilt in open court to four crimes, all involving moral turpitude, and nothing is offered in defense or by way of excuse, respondent will be disbarred by order of the Supreme Court upon motion of the Attorney-General without the necessity of deciding the questions sought to be presented by the appeal.

**2. Appeal and Error § 31e—**

When order of disbarment entered by Supreme Court renders academic the question sought to be presented by the appeal in the disbarment proceedings instituted before the Trial Committee of the State Bar, the appeal will be dismissed.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by North Carolina State Bar from *Rousseau, J.,* at December Term, 1937, of RANDOLPH.

Disbarment proceeding instituted 10 December, 1935, by the North Carolina State Bar, under authority of ch. 210, Public Laws 1933, and amendments thereto, on allegations showing:

1. That the respondent, John M. Brittain, was duly licensed to practice law in 1920, and is a member of the North Carolina State Bar.

2. That on 17 October, 1933, the respondent pleaded guilty in the District Court of the United States for the Middle District of North Carolina, Rockingham Division, to an indictment charging him with forgery with intent to obtain $208.50 from the United States on a falsely endorsed Veteran's Administration check, and with uttering said falsely endorsed instrument on or about 9 August, 1932; that upon said plea the respondent was sentenced to a term of two years in the Federal penitentiary in Atlanta, and that he was thereupon disbarred from practicing law in said court.

3. That thereafter, at the January Term, 1935, Superior Court of Montgomery County, the respondent pleaded guilty in three cases to charges of embezzlement, forgery and false pretense in obtaining $2,395.93 on or about 17 January, 1933, upon a forged check, and was sentenced to twelve months in the State's Prison at Raleigh, N. C.

Wherefore, the respondent was ordered to appear before the Trial Committee of the Bar, etc.

At the hearing before the Trial Committee, the respondent being present in person and represented by counsel, "stipulates that the allegations in the complaint are true in fact, as therein stated, but in apt time demurs to the jurisdiction of the Council of the North Carolina State Bar to pass upon said matter, for that all the offenses complained of in the said complaint occurred prior to the first day of July, 1933," the effective date of the act incorporating the State Bar.

The demurrer was overruled and the committee recommended disbarment, which was adopted by the Council and disbarment ordered 16 July, 1937.

On appeal to the Superior Court of Randolph County, December Term, 1937, the respondent's demurrer was sustained and the order of the Council reversed.

From this ruling, the North Carolina State Bar appealed, assigning errors.

On the argument, the respondent further challenged the constitutionality of the act incorporating the State Bar. Ch. 210, Public Laws 1933, as amended by ch. 51, Public Laws 1937.

It appearing that the facts are not in dispute, but are admitted, and that the case is a clear one for disbarment, the Attorney-General intervened and suggested the propriety of action by the court without further proceedings in the matter.

*Gover & Covington* and *Hugh L. Lobdell* for *North Carolina State Bar, appellant.*

*R. L. Brown, Jr., G. D. B. Reynolds,* and *G. Hobart Morton* for *respondent, appellee.*

STACY, C. J. The constitutionality of the act incorporating the State Bar is not perforce presented on the present record. *In re Parker,* 209 N. C., 693, 184 S. E., 532. Nor is it necessary that we here decide whether the General Assembly intended to make its provisions retroactive as well as prospective in effect. *Ashley v. Brown,* 198 N. C., 369, 151 S. E., 725. The respondent has confessed his guilt in open court to four crimes, all involving moral turpitude, and he has been disbarred from practicing in the District Court of the United States. Nothing is offered in defense or by way of excuse. The record engenders but a single conclusion.

The respondent's admissions require his disbarment, and the action of the Attorney-General is well advised. *S. v. Spivey,* 213 N. C., 45, 195 S. E., 1; *S. v. Harwood,* 206 N. C., 87, 173 S. E., 24; *In re West,* 212 N. C., 189, 193 S. E., 134, and cases there cited. This course renders academic the question presented by the appeal. What shall it profit the respondent if he gain the whole case and lose his own license? Disbarment must ultimately result in any event.

Nor is it necessary that there should be further proceedings in the matter. The facts are not in dispute, and the indictments, pleas and judgments in the criminal prosecutions speak for themselves. Respondent's disqualification is complete. But even if the record were less compelling or respondent's peccancy less glaring, the findings and recommendation of the Trial Committee, approved and adopted, as they are, by the Council of the State Bar, would perhaps afford sufficient predicate for disbarment on motion of the Attorney-General.

Respondent disbarred.

Appeal dismissed.

SEAWELL, J., took no part in the consideration or decision of this case.