STATE v. GERALD L. MORGAN.

(Filed 31 October, 1945.)

**1. Criminal Law § 54f—**

The State's evidence being sufficient to carry the case to the jury upon the charge contained in the bill of indictment and the jury returning a verdict of guilty of a less degree of the offense charged, such verdict is valid. G. S., 15-170.

**2. Courts § 4½ b—**

The power to correct the minutes and records to make them speak the truth is within the discretion of the judge holding the court.

**3. Criminal Law § 50c—**

In the absence of the solicitor the judge presiding has authority to appoint members of the local bar to act for the solicitor in prosecuting for the State.

**4. Criminal Law § 44—**

In the absence of a motion by a defendant in a criminal prosecution for a continuance, because of the absence of the solicitor and no objection on that ground until after an adverse verdict, any rights which defendant may have had on that account are waived.

**5. Appeal and Error § 22—**

This Court can judicially know only that which appears in the record.

**6. Trial § 32: Criminal Law § 53f—**

Requests for special instructions must be in before the beginning of the argument.

**7. Rape § 2: Assault and Battery § 7g—**

In a criminal prosecution for an assault on a female, with intent to commit rape, the burden of showing that defendant was under 18 years of age is on the defendant. G. S., 14-33.

APPEAL by defendant from *Bone, J.,* at June Term, 1945, of CRAVEN.

The defendant was tried upon a bill of indictment which charged that Gerald L. Morgan unlawfully, willfully and feloniously did commit an assault upon one Margaret Wilkinson, a female, with intent to commit rape upon her by force and against her will, and the jury returned a verdict of guilty of an assault on a female, he being a male person over

the age of 18 years, and from judgment of imprisonment for 18 months, predicated on the verdict, the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*
*Charles L. Abernethy, Jr., for defendant, appellant.*

SCHENCK, J. The State's evidence was sufficient to carry the case to the jury upon the charge contained in the bill of indictment but the jury returned a verdict of guilty of a less degree of the offense charged, namely, an assault upon a female the defendant being a male person over 18 years of age. Such verdict was authorized by G. S., 15-170.

The brief of the defendant does not comply with Rule 28, Rules of Practice in the Supreme Court, 221 N. C., 562-3, in that such brief does not contain properly numbered the assignments of error with reference to printed pages of transcript. However, we have endeavored to consider the assignments of error which it appears the defendant intended to make. The first of such assignments seems to be the failure of the court to continue the case on account of the absence of the solicitor. It appears that the minutes of the first day of court as first written recited the solicitor was present prosecuting for the State, but on the second day of the court the judge presiding discovered the error and in his own proper handwriting altered the minutes so as to read that in the absence of the solicitor the court appointed Messrs. Nunn and Lansche of the local bar to prosecute for the State. The power to correct the minutes and records to make them speak the truth was within the discretion of the judge holding the court; *S. v. Swepson,* 84 N. C., 827; *S. v. Warren,* 95 N. C., 674, and in addition the record does not disclose that any exception to the action of the judge in making such correction was noted. His Honor likewise had authority in the absence of the solicitor to appoint members of the local bar to act for the solicitor in the prosecution of the case. *S. v. Cameron,* 121 N. C., 572, 28 S. E., 139; *S. v. Conly,* 130 N. C., 683, 41 S. E., 534; *S. v. Wood,* 175 N. C., 809 (819), 95 S. E., 1050. If the defendant suffered the loss of any rights on account of the absence of the solicitor they were waived by his failure to assert them in due time. The only objection made by the defendant was made after a verdict adverse to him was returned. This constituted a clear waiver. *S. v. Hartsfield,* 188 N. C., 357, 124 S. E., 629; *In re West,* 212 N. C., 189, 193 S. E., 134. And, too, the record does not disclose that any motion was ever made to continue the case on account of the absence of the solicitor. This Court can judicially know only that which appears in the record. *S. v. DeJournette,* 214 N. C., 575, 199 S. E., 920.

The defendant likewise appears to assign as error the failure of the court to give a certain special instruction which the record states was requested while the solicitor was arguing the case and after counsel for defendant had completed his argument. This request for special instruction was made too late to form a basis for a successful exceptive assignment of error, and can avail the defendant nothing. "The true rule, as garnered from the decided cases, seems to be that requests for special instructions must be in before the beginning of the argument." Note of annotator under G. S., 1-181. Such special instruction read: "Now, gentlemen of the jury, if you should find that there was no intent to commit rape, and no deadly weapon used and no serious bodily harm done, you may return a verdict of a simple assault," and the exception to the failure to give such instruction was therefore untenable for the further reason that all the evidence, both of the State and the defendant, was to the effect that the person assaulted was a female and the defendant was a male person. The burden of showing that the defendant was under 18 years of age is a defense and rested on the defendant. *S. v. Smith*, 157 N. C., 578, 72 S. E., 853. There was no evidence to this effect, and for this additional reason the court was not required to give same.

In the record we find

No error.