IN THE MATTER OF JAMES D. GILLILAND, A PRACTICING ATTORNEY OF WARRENTON, WARREN COUNTY, NORTH CAROLINA.

(Filed 4 June, 1958.)

**1. Attorney and Client § 9—**

There are two methods by which an attorney may be disbarred, the one judicial and the other legislative.

**2. Same—**

Disbarment proceedings are in the nature of a civil action rather than a criminal prosecution.

**3. Same—**

The 1937 amendment to G.S. 84-28 providing that the Council of the North Carolina State Bar should have power to formulate rules of procedure governing disbarment proceedings which shall conform as near as may be to the procedure provided by law for hearings before referees in compulsory references, relates to the formulation of rules of procedure incident to hearings before the Council or the Trial Committee and not to procedure upon appeal to the Superior Court.

**4. Jury § 5—**

Where the right to trial by jury of issues of fact arising on the pleadings is given by statute, waiver of such right will not be presumed or inferred.

**5. Attorney and Client § 9—**

Failure of respondent in disbarment proceedings to demand jury trial and tender issues incident to his appeal from the Trial Committee to the Council and from the Council to the Superior Court does not waive his right to trial by jury in the Superior Court of the issues of fact raised by the pleadings, since neither G.S. 84-28 nor the rules and regulations of the North Carolina State Bar contain any provisions sufficient to deprive the respondent of the right to trial by jury in the Superior Court expressly granted by the statute.

**6. Same—**

The refusal of respondent's motion upon appeal to the State Bar Council to have the proceedings remanded to the Trial Committee for the consideration of additional evidence cannot be prejudicial when the trial in the Superior Court is by jury upon the written evidence in the cause, which includes the additional evidence introduced in the hearing before the Council.

APPEAL by respondent, James D. Gilliland, from *Mallard, J.,* Special November Civil Term, 1957, of WARREN.

Action commenced October 23, 1956, by the North Carolina State Bar, sometimes referred to as complainant, for the disbarment of respondent, a member thereof.

The Council of the North Carolina State Bar appointed three of

its members as a Trial Committee to hear and determine the issues arising on complainant's statement of charges and respondent's answer.

Three specific charges were made. Charge I related to respondent's conduct with reference to the Lynch divorce case. Charge II related to respondent's conduct with reference to the Wortham divorce case. Charge III related to respondent's conduct (1) with reference to notices sent to debtors concerning accounts receivable placed in respondent's hands for collection, (2) with reference to the solicitation of professional business through the medium of a collection agency controlled by respondent, and (3) with reference to the purchase by said collection agency of the remaining accounts receivable of an insolvent corporation, respondent being the attorney for the receiver from whom such purchase was made.

On December 7-8, 1956, a hearing was conducted by the Trial Committee. Evidence was offered by complainant and by respondent. On March 22, 1957, after the evidence had been transcribed, the Trial Committee heard arguments. On March 27, 1957, the Trial Committee filed its report.

The Trial Committee, based upon its findings of fact, recommended that Charge I be dismissed. (Thereafter, only Charges II and III were involved.)

As to Charges II and III, the Trial Committee made extensive findings of fact. Its "Conclusions" were as follows:

"That upon the foregoing findings of fact as to counts II and III, the Committee finds that the actions and conduct of the said James D. Gilliland herein set out were and are in violation of law and in direct violation and contravention of the Canons of Ethics of the North Carolina State Bar' in that the said Gilliland has: (a) committed criminal offenses showing professional unfitness; (b) has been guilty of unlawful deceit, fraud and unprofessional conduct; (c) has violated the Canons of Ethics duly adopted and promulgated by the Council of the North Carolina State Bar; (d) has by such conduct brought the legal profession and the courts into disrepute; and (e) that he is an unfit person to continue in the practice of law in the State of North Carolina."

Thereupon, the Trial Committee recommended to the Council that respondent be disbarred.

Respondent, in 63 exceptions, challenged the findings of fact, "Conclusions" and recommendation of the Trial Committee. Also, in separate motions, he moved that the Council "remand and recommit this matter to the Trial Committee" (1) for the purpose of separating and distinguishing between its findings of fact and conclusions of law, and (2) for the purpose of correcting errors in material testimony and

for reconsideration by the Trial Committee on the basis of the corrected testimony. Exhibits, consisting of the affidavit of Julius Banzet, who had testified at the hearing, and copies of certain documents constituting portions of the record in the receivership proceedings, were attached to the motion last mentioned.

On April 12, 1957, the Council heard the matter "upon the Report of the Trial Committee," upon respondent's exceptions thereto, and upon respondent's said motions.

The Council denied respondent's said motions to remand and recommit to the Trial Committee, but admitted to the record "for consideration by the Council" the exhibits tendered by respondent.

The Council then denied and disallowed "each of the Exceptions of the Respondent," and adopted and affirmed, "except for the words 'as of November 5, 1954' appearing on line 5, page 12, of the Report of the Trial Committee," the "Findings of Fact and Conclusions of Law of the Trial Committee," and then ordered that the respondent be disbarred from and after April 12, 1957. As directed by the Council, the President of the North Carolina State Bar signed a judgment of disbarment.

Respondent, "reserving all motions and exceptions heretofore taken," excepted to said judgment and appealed therefrom to the Superior Court of Warren County. In addition, he brought forward the 63 exceptions he had theretofore made to the report of the Trial Committee.

In the superior court, at October Civil Term, 1957, by separate motion then filed, respondent moved that the court "remand and recommit this matter to the Council of the North Carolina State Bar for consideration by the Trial Committee of new evidence admitted by the said Council correcting previous prejudicial testimony before the said Committee, which said new evidence has never been considered by the Trial Committee." This motion, "in the discretion of the Court," was denied.

At said October term, complainant moved for immediate trial, but the court, upon respondent's objection, denied said motion. The court then ordered "that this cause be . . . set peremptorily for trial at the next term of Superior Court of Warren County, either special or regular, that is held for the trial of civil cases."

At the Special November Civil Term, 1957, when the cause came on for trial, complainant moved that "the Court proceed to hear all matters relative to this proceeding without the intervention of a jury, the respondent having failed to comply with the law relative to preserving his exceptions by tendering issues and demanding the right to have this matter heard by the jury." Thereupon, respondent moved

"that he be allowed a trial by jury of the issues of fact arising upon the pleadings in this matter," and tendered issues he deemed appropriate. The court allowed complainant's said motion and denied respondent's said motion, to which rulings respondent excepted.

Thereupon, the court, after reviewing the evidence, made findings of fact and conclusions of law substantially in accord with those set forth in the report of the Trial Committee and thereafter adopted by the Council. The court entered judgment disbarring respondent from the practice of law in the State of North Carolina. Respondent excepted and appealed.

*Henry E. Fisher, William P. Mayo and Edward L. Cannon for complainant, appellee.*

*Robert S. Cahoon and Carl E. Gaddy, Jr., for respondent, appellant.*

BOBBITT, J. At the hearing at November Special Civil Term, 1957, "It was admitted that no issues had been tendered by respondent and no request or demand made by him for trial by jury, before the Trial Committee or Council." So far as the record discloses, the question as to whether respondent was entitled to a jury trial was not raised until complainant made its said motion at said term.

This question is presented: Did respondent, by his failure to demand jury trial and tender issues incident to his appeals from the Trial Committee to the Council and from the Council to the Superior Court, waive or forfeit the statutory right to a jury trial expressly conferred by G.S. 84-28?

As stated by Stacy, C. J.: "There are two methods by which an attorney may be disbarred: 1. The one judicial. (Citations) 2. The other legislative. (Citations)" *In re West,* 212 N.C. 189, 193 S.E. 134. Here, as in the *West* case, the legislative method alone has been pursued. As stated by *Stacy, C. J.,* in the *West* case; "The proceeding partakes of the nature of a civil action, rather than that of a criminal prosecution. (Citations)"

The statute now codified as G.S. 84-28 is Sec. 11, Ch. 210, Public Laws of 1933, as amended by Sec. 3, Ch. 51, Public Laws of 1937.

In the 1933 Act, one provision of Section 11 stated, "upon appeal to the Judge of the Superior Court, the accused shall have the right to have his cause heard by a jury," but the last sentence of Section 11 provided, "In hearings before the Council (or committee) and in all appeals the procedure shall conform as near as may be to the procedure now provided by law for hearings upon the report of referees in references by consent." Referring to these provisions, Stacy, C. J., in *In re Parker,* 209 N.C. 693, 184 S.E. 532, observed, "It is well set-

tled that, in consent references, the parties waive the right to have any of the issues of fact passed upon by a jury." While noting that the validity of said Section 11 was challenged as denying a right to trial by jury in disbarment proceedings in violation of Article I, Sec. 19, Constitution of North Carolina, the reversal of the judgment of disbarment in the *Parker* case was put on other grounds.

The 1933 Act, as indicated, contained an express provision as to proceedings "in hearings before the Council (or committee) and *in all appeals* . . ." (Our italics) This was stricken by the 1937 Act, which, in respect of appeals, provided: "Upon such appeal to the Superior Court the accused attorney shall have the right to a trial by jury of the issues of fact arising on the pleadings, but such trial shall be only upon the written evidence taken before the trial committee or council."

True, the 1937 Act provided that the Council (or committee) "shall formulate rules of procedure *governing the trial* of any such person which shall conform as near as may be to the procedure now provided by law *for hearings* before referees in compulsory references." (Our italics) Too, it provided that "such rules shall provide," *inter alia,* "for a complete record of the proceedings for purposes of appeal to the Superior Court." Obviously, without such record, there could be no trial in the superior court "upon the written evidence taken before the trial committee or council."

Considered in context, we think the provision for the formulation of rules of procedure refers to procedure incident to hearings before the Council (or committee), not to procedure incident to appeals from the Council (or committee) to the superior court. This provision appears in the same sentence that confers upon the Council (or committee) the jurisdiction to hear and determine the charges made and provides that the Council (or committee) "may invoke the processes of the courts in any case in which they deem it desirable to do so." Moreover, the succeeding sentence, in addition to the requirement that a complete record of the proceedings be made requires that the rules "shall provide for notice of the nature of the charges and an opportunity to be heard." All of these provisions refer clearly to procedure incident to proceedings and hearings before the Council (or committee).

Apparently, the Council so interpreted G.S. 84-28 when it adopted the "Rules and Regulations of the North Carolina State Bar." 205 N.C. 854; 221 N.C. 581. Article IX thereof relates to "Discipline and Disbarment of Attorneys." Section 2 of Article IX, containing subsections (a) through (w), purports to set forth in detail the procedure in disbarment proceedings. No provision thereof purports to provide

that a respondent's right to a jury trial is waived or forfeited if he fails to demand a jury trial and tender issues incident to his appeal from the Trial Committee to the Council or from the Council to the superior court. Nor is there any provision that the procedure in respect of appeals from the Council (or committee) to the superior court shall conform as near as may be to the procedure now provided by law *for appeals* in compulsory references.

It is noteworthy that said Rules and Regulations, not G.S. 84-28, provide for successive hearings before a Trial Committee and the Council. They provide that the initial hearing shall be before a Trial Committee which shall file its report with the Council, to which the respondent may file exceptions; and that the Council shall consider said report and determine the matter "upon the record of the said hearing." Subsection (k), which so provides, also provides that "no testimony or evidence will be taken by the Council and none heard other than such as is contained in the record filed by the committee which conducted the hearings." Subsection (l) provides that the Council, at any time before entering its final judgment, may, upon respondent's motion, remand the cause to the Trial Committee to hear newly discovered evidence and then make further findings in the light of all the evidence.

Subsection (n) provides that "said respondent may appeal, as provided in chapter 210, Public Laws, 1933," from an adverse judgment of the Council, by giving notice thereof as provided. The only provisions relating to an appeal from the Council to the superior court *implying* procedural requirements to be met by respondent are set forth in Subsection (o), which provides: "The record on appeal to the Superior Court shall consist of the statement and notice and answer, if any, and the transcript of the evidence, and the findings of fact and recommendations of the committee, and the findings and conclusions of the Council thereon, as well as the exceptions, if any, filed to the report of said committee by the respondent, and the judgment of the Council thereon and the assignments of error therein, as contended for by the respondent."

"It is a general rule, since the right of trial by jury is highly favored, that waivers of the right are always strictly construed and are not to be lightly inferred or extended by implication, whether with respect to a civil or a criminal case. There can be no presumption of a waiver of trial by jury where such a trial is provided for by law. Thus, in the absence of an express agreement or consent, a waiver of the right to a jury trial will not be presumed or inferred. Indeed, every reasonable presumption should be made against its waiver." 31 Am. Jur., Jury Sec. 44; 50 C.J.S., Juries Sec. 110.

Consideration of the foregoing impels the conclusion, and we so hold, that neither G.S. 84-28 nor the Rules and Regulations 'of the North Carolina State Bar contain any provision sufficient to deprive respondent of the right expressly conferred by G.S. 84-28, upon appeal from the Council, to a trial by jury on the written evidence of the *issues of fact* arising on the pleadings.

Assignments of error, such as those directed to the competency of testimony, need not be considered. As to these, the judge presiding at the jury trial will make his rulings when the evidence is offered.

We deem it appropriate to consider now respondent's assignments of error to the refusal of the Council to allow respondent's motions to remand and recommit to the Trial Committee and to the refusal of the court to allow respondent's motion to remand to the Council with direction to recommit to the Trial Committee for consideration of evidence admitted and considered by the Council contrary to the provisions of said Subsection (k).

The matters set forth in the exhibits attached to respondent's motions were material as to Charge III(3). The evidence before the' Trial Committee tended to show that the collection agency, allegedly controlled by respondent, was the highest bidder on August 7, 1954, when the receiver offered for sale at public auction the uncollected accounts receivable of Warrenton Grocery Company; that this sale was not confirmed until November 5, 1954; and that on October 30, 1954, prior to confirmation, the collection agency sold an interest in said accounts to one Wesson, a former salesman of the insolvent company, who had indicated to the receiver that he was considering making an increased bid for said accounts. This evidence tended to support the finding of the Trial Committee that respondent, while attorney for the receiver, and before confirmation of the sale to the collection agency, which he controlled, "did wilfully stifle any increased bid on the said accounts." Among the exhibits attached to respondent's motions was a copy of the court order in the receivership proceedings from which it appears that the sale to the collection agency was confirmed on October 2, 1954, and that the collection agency's transaction with Wesson *was 28 days after the confirmation of sale.*

The Council, on April 12, 1957, when it considered respondent's motions, deleted the specific finding that the receiver's sale was confirmed "on November 5, 1954"; and thereupon, except in this particular, the Council adopted the Trial Committee's findings of fact.

While the Council might well have remanded and recommitted the cause to the Trial Committee for its consideration of the exhibits attached to respondent's motions and for further findings of fact in the

light of such evidence, in view of present decision as to respondent's right to jury trial we do not see that respondent is prejudiced by its failure to do so. Under the circumstances here disclosed, a remand and recommitment to the Council and thence to the Trial Committee would seem a circuitous, needless and futile course.

As the case now stands, the exhibits attached to respondent's motions, by order of the Council, are now a part of "the written evidence." Hence, respondent will have the full benefit thereof upon his trial by jury in the superior court. The jury trial will be upon "the written evidence" in the cause, not the findings of fact made by the Trial Committee and adopted by the Council.

Error in the order denying respondent's right to a jury trial requires that the judgment, based on the court's findings of fact, be vacated; and that the cause be remanded for trial by jury. It is so ordered.

Error and remanded.