IN RE: NORTHWESTERN BONDING CO., INC., WILLIAM H. DAYTON, AMERICAN BONDING CO., INC., JACK E. MORGAN AND GROVER CLEVELAND MOONEYHAM (APPELLANT)

No. 7228SC572

(Filed 25 October 1972)

1. Appeal and Error § 6— denial of motion to dismiss — denial of motion for jury trial — interlocutory order

An order denying a motion to dismiss a complaint seeking disciplinary action against an attorney and denying a request for a jury trial is interlocutory and not subject to appeal before trial and final judgment. G.S. 1-277.

2. Attorney and Client § 10— discipline and disbarment of attorneys — statutory and judicial methods

In North Carolina there are two methods by which disciplinary action or disbarment may be imposed upon attorneys—statutory and judicial; the judicial method is not dependent upon statutory authority, but arises because of a court's inherent authority to take disciplinary action against attorneys licensed before it, an authority extending even to matters not pending in the particular court exercising the authority.

3. Attorney and Client § 10— discipline or disbarment of attorney — sufficiency of complaint

Complaint alleged sufficient facts to subject an attorney to disciplinary action or disbarment where it alleged that the attorney and a bondsman told a person charged with drunken driving that his license could be saved for $1,000, that the accused paid that amount to the attorney and the attorney told him he had "been tried and found not guilty," that prior to the trial date the warrant, bond and shuck file relating to the drunken driving case disappeared from the clerk's office, that a new warrant was issued and the accused was tried under that warrant, that the bondsman returned $1,000 to the accused before the trial and a new bond was made without charge, and that the attorney appeared for the accused in the trial without charge.

4. **Attorney and Client § 10— disciplinary and disbarment proceeding — judicial method — jury trial**

> An attorney does not have the right to a trial by jury in a judicial disciplinary or disbarment proceeding.

APPEAL by respondent, Grover C. Mooneyham, from *Martin (Harry C.), Judge,* 22 May 1972 Session of Superior Court held in BUNCOMBE County.

Civil action seeking, among other things, disciplinary action against respondent, Grover C. Mooneyham, as an attorney licensed to practice in this State.

On 1 May 1972 the solicitor for the 28th Solicitorial District filed a sworn complaint in the Superior Court of Buncombe County. The first of two counts in the complaint alleges in substance the following:

On 13 January 1971, Edgar Ernest Bell was arrested in Buncombe County and charged with violating G.S. 20-138 (operating a vehicle while under the influence of intoxicating liquor). He was cited to appear in District Court for trial on 1 February 1971 and his bond in the sum of $300.00 was made by Northwestern Bonding Co., Inc. Bell told Jack Morgan, an agent of Northwestern, that he wished to forfeit his bond and paid Morgan $300.00 "in addition to $60 which Morgan said represented an attorney's fee in the forfeiture proceedings." Morgan later sent word to Bell that he thought he knew a way to save Bell's driver's license. The two men then met with respondent Mooneyham, a licensed attorney, in Mooneyham's office. Mooneyham and Morgan advised Bell that his license could be saved for approximately $1,000.00, with the $300.00 which had been paid previously being credited against that amount. On 30 January 1971, Bell paid $700.00 to Mooneyham, and told Mooneyham that he did not want a capias issued for him. Mooneyham replied: "[Y]ou have been tried and found not guilty." Prior to the trial date, the warrant, bond, and shuck file relating to the case against Bell disappeared. The clerk's office, not having given the case a number, has no index record of the original case. When the arresting officer discovered that the clerk's office had no record of the case, a new warrant was issued and Bell was tried under the new warrant on 14 February 1972. Morgan returned $1,000.00 to Bell before trial, and a new bond for Bell was made without charge by American Bonding Co., Inc. Morgan is now president

In re Bonding Co.

and agent of that company. Mooneyham appeared for Bell at the trial in District Court and did not ask for or receive any attorney's fee. Bell was convicted and appealed to Superior Court where he was represented by another lawyer and again convicted.

Allegations in count two of the complaint have been stricken as to Mooneyham.

Based upon the sworn allegations in the complaint, Judge Thornburg signed an order directing Mooneyham to appear in Superior Court at a time specified for the purpose of showing cause why disciplinary action should not be taken against him as an attorney at law. The complaint and order to show cause were served on Mooneyham, and he personally appeared and agreed to file answer on or before 17 May 1972. On that date Mooneyham filed an answer admitting that he appeared for Bell in District Court as alleged in the complaint. Other allegations in the complaint pertaining to Mooneyham, except for the allegation that he is a licensed and practicing attorney, are denied.

On 22 May 1972 Judge Martin entered an order denying Mooneyham's motion to dismiss the complaint, and also denying a request for a jury trial made in Mooneyham's answer. Mooneyham appeals from this order.

*Attorney General Morgan by Assistant Attorney General Rich for the State.*

*Uzzell and DuMont by Harry DuMont for respondent appellant, Grover Cleveland Mooneyham.*

GRAHAM, Judge.

[1] The order appealed from is interlocutory, and in our opinion, it is not subject to appeal before trial and final judgment. G.S. 1-277; Rule 4, Rules of Practice in the Court of Appeals as amended 20 January 1971. We nevertheless elect to treat the appeal as a petition for certiorari, allow it and consider the questions raised on their merits.

Appellant contends the Superior Court has no subject matter jurisdiction. In support of this contention he argues that authority to discipline or disbar attorneys for conduct such as alleged in the complaint has been delegated exclusively to

the North Carolina State Bar. This contention cannot be sustained.

[2] It is true that by virtue of G.S. 84-28 to 32, questions relating to the propriety and ethics of an attorney are ordinarily for the consideration of the North Carolina State Bar. *In re Burton,* 257 N.C. 534, 126 S.E. 2d 581; *McMichael v. Proctor,* 243 N.C. 479, 91 S.E. 2d 231. G.S. 84-36 specifically provides, however, that the provisions of these statutes are not to be construed as disabling or abridging the inherent powers of a court to deal with its attorneys. Furthermore, it has been held repeatedly that in North Carolina there are two methods by which disciplinary action or disbarment may be imposed upon attorneys—statutory and judicial. *In re Burton, supra; In re Gilliland,* 248 N.C. 517, 103 S.E. 2d 807; *In re West,* 212 N.C. 189, 193 S.E. 134; *Committee on Grievances of Bar Association v. Strickland,* 200 N.C. 630, 158 S.E. 110; *In re Stiers,* 204 N.C. 48, 167 S.E. 382. The judicial method is not dependent upon statutory authority. It arises because of a court's inherent authority to take disciplinary action against attorneys licensed before it; an authority which extends even to matters which are not pending in the particular court exercising the authority. This power is based upon the relationship of the attorney to the court and the authority which the court has over its own officers to prevent them from, or punish them for, acts of dishonesty or impropriety calculated to bring contempt upon the administration of justice. *In re Burton, supra; State v. Spivey,* 213 N.C. 45, 195 S.E. 1.

[3] Appellant next challenges the sufficiency of the complaint, contending that the facts alleged therein do not charge him with any act which would subject him to discipline or disbarment. Misconduct of a serious nature is so manifest from the allegations in the complaint that this contention may be rejected without discussion.

[4] Appellant's final contention is that the court erred in denying his motion for a jury trial. This raises a more difficult question. Appellant cites the case of *State v. Parrish,* 254 N.C. 301, 118 S.E. 2d 786, for the proposition that a license to engage in the practice of law is a property right that cannot be taken away without due process of law. There can be no argument as to this principle. *Ex parte Wall,* 107 U.S. 265, 2 S.Ct. 569, 27 L.Ed. 552; *In re Burton, supra; In re West, supra.* The essential

question, however, is whether "due process" in an action of this sort encompasses a right to a trial by jury. If the action were based on the statutory procedure, the answer would be "yes" because G.S. 84-28 expressly grants a right to trial by jury, upon appeal from the council of the Bar, on the written evidence of the issues of fact arising on the pleadings. *In re Gilliland, supra.* The procedure employed here, however, is not statutory. It is judicial, and we find no statute which provides for a jury trial when the judicial method is employed to seek disciplinary action against an attorney practicing in this State.

While the question here involved has apparently never been precisely presented to our Supreme Court, in the case of *In re Burton, supra,* the court discussed at length the due process requirements of both the statutory and judicial methods. It is pointed out in that opinion that under the statutory method there must be a written complaint, notice to the accused, an opportunity to answer and to be represented by counsel, a hearing before a committee conducting proceedings in the nature of a reference, and a *trial by jury unless waived.* Under the judicial method, it is said that "where the attorney pleads guilty or is convicted in another court, or the conduct complained of is not related to litigation pending before the court investigating attorneys' alleged misconduct, the procedure, to meet the test of due process, must be initiated by a sworn written complaint, and the court should issue a rule or order advising the attorney of the specific charges, directing him to show cause why disciplinary action should not be taken, and granting a reasonable time for answering and preparation of defense, and attorney should be given full opportunity to be heard and permitted to have counsel for his defense." *In re Burton, supra* at 544, 126 S.E. 2d at 588-589. We think it is significant that, in outlining the due process elements of the judicial method, the court did not mention a right to trial by jury. On the other hand, it stated that "[w]here issues of fact are raised the court may appoint a committee to investigate and make report." *In re Burton, supra* at 544, 126 S.E. 2d at 589. Several cases are cited where no jury trial was afforded and an investigative committee was utilized. *Attorney General v. Gorson,* 209 N.C. 320, 183 S.E. 392; *Attorney General v. Winburn,* 206 N.C. 923, 175 S.E. 498; *In re Stiers, supra; Committee on Grievances of Bar Association v. Strickland, supra.*

---

In re Bonding Co.

---

It is almost universally held that in the absence of a statute so providing, procedural due process does not require that an attorney have a jury trial in a disciplinary or disbarment proceeding. See 7 Am. Jur. 2d, Attorneys at Law, § 63, and cases cited. Traditionally, only a small minority of states have provided for a jury trial in any type of disbarment proceeding. 14 N.C.L. Rev. 374; 45 Harv. L.Rev. 737; 11 Tex. L.Rev. 28. See also *Ex parte Thompson,* 228 Ala. 113, 152 So. 229, 107 A.L.R. 671, which extensively reviews the position of the various states with respect to affording jury trials in proceedings of this nature.

A disbarment proceeding is usually considered civil in nature rather than criminal. *In re Gilliland, supra; In re West, supra.* Appellant contends that Article 1, Section 25 of the North Carolina Constitution applies here as in other civil proceedings. This section provides: *"Right of jury trial in civil cases.* In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and shall remain sacred and inviolable." However, the right to jury trial preserved under this section applies only in cases in which the prerogative existed at common law or by statute at the time the Constitution was adopted. *In re Wallace,* 267 N.C. 204, 147 S.E. 2d 922; *Belk's Department Store, Inc. v. Guilford County,* 222 N.C. 441, 23 S.E. 2d 897.

An attorney had no right at common law to trial by jury when called upon by a court to answer allegations of misconduct bearing upon his fitness as an officer of the court. *Ex parte Wall, supra; Ex parte Thompson, supra; In re Carver,* 224 Mass. 169, 112 N.E. 877 (1916). As stated in the case of *Ex parte Wall, supra,* "[i]t is a mistaken idea that due process of law requires a plenary suit and a trial by jury, in all cases where property or personal rights are involved." In that case the Supreme Court of the United States refused a disbarred attorney's petition which sought to have the order of his disbarment vacated. The attorney, who had been convicted of no offense, was not afforded a trial by jury on the factual issues raised by a trial court's charge that he did "engage in and with an unlawful, tumultuous and riotous gathering, he advising and encouraging thereto, take from the jail . . . and hang by the neck until he was dead, one John. . . . " The Supreme Court reviewed extensively the procedures followed at common law and in the various states and concluded that "in the present

case, due notice was given to the petitioner, and a trial and hearing was had before the court, in the manner in which proceedings against attorneys, when the question is whether they should be struck off the roll, are always conducted."

We find no evidence that a right to trial by jury in a case of this nature existed by statute in this State at the time our Constitution was adopted. In 1871 a statute was enacted which provided: "That no person who shall have been duly licensed to practice law as an attorney, shall be debarred or deprived of his license and right so to practice law either permanently or temporarily, unless he shall have been convicted or in open court confessed himself guilty of some criminal offense, showing him to be unfit to be trusted in the discharge of the duties of his profession." Ch. 216, § 4, [1871], Public Laws of N. C. 336 at 337. This statute was subsequently held to take from the court the common law power to purge the bar of unfit members, except in the cases specified. See *Ex parte McCown,* 139 N.C. 95, 51 S.E. 957; *In re Gorham,* 129 N.C. 481, 40 S.E. 311; *In re Oldham,* 89 N.C. 23; *Kane v. Haywood,* 66 N.C. 1; *Ex parte Schenck,* 65 N.C. 353. The effect of the statute, as construed in these cases, was to deprive a court of the authority to disbar an attorney unless he was convicted by *a jury* or confessed in open court when charged in a bill of indictment. This statute was repealed in 1933. Before its repeal, the Supreme Court noted that the statute "was not intended to restrict the right to disbar in cases calling for disbarment which was not imposed under the power to punish for contempt. There has been some confusion in not distinguishing between disbarment for contempt, which was restricted by the statute, and disbarment on account of the misconduct of counsel in matters affecting his fitness to be a member of the bar." *McLean v. Johnson,* 174 N.C. 345, 348, 93 S.E. 847, 848-49 (1917).

We conclude that this State has never had a statute which expressly conferred upon an attorney the right to a trial by jury in a *judicial* disciplining or disbarment proceeding. Since no such right existed at common law, or by statute at the time our Constitution was adopted, and is not now provided for by statute, we hold that appellant's motion for a trial by jury was properly denied.

Affirmed.

Judges PARKER and VAUGHN concur.