The opinion of the Court was delivered by
0’Nea.ll, J.
I agree to what is said by Judge Huger in Planters' & Mechanics' Panic vs. Cohen, 2 If.it McC. 440, a, that “ a motion for an order to consolidate is an application to the discretion of the Court. When satisfied that no injury will result, the Court will always grant the motion.” These remarks must be understood in reference to the case; it appeared in it/that separate actions bad been brought upon five several promissory notes made by the defendant and payable to the same jjerson, and by him endorsed to the plaintiff.
This rule has been uniformly followed. In England, whence our practice is derived, it appears, that in the King’s Bench, what is called a consolidation rule was introduced by Lord Mansfield staying the proceedings in all the actions upon the same cause except one. 1 Tidd’s Prac. 614. The same author, 615, tells us that “ in the Common Pleas there is no rule of Court, but a judge’s order is obtained, for consolidating actions.”
*143 In 3 Chitty’s General Practice, Cbap. 28, § 27, p. 642, tbe matter is thus stated: between tbe declaration and plea, “ are usually made applications to consolidate several actions or demands into one, when tbe same plaintiff having several claims against tbe same defendant all complete at tbe same time, or at least before he has issued any writ, vexatiously or unnecessarily commences several actions upon several bills of exchange or promissory notes, or for several trespasses.” “ In these cases tbe Court or Judge,” as Mr. Cbitty tells us, “ will compel tbe plaintiff however reluctant to consolidate, and include' the whole in one declaration, and pay tbe costs of tbe application.” These authorities point us I think to tbe true course of our practice, and to tbe decision of these cases. Beyond all doubt, until tbe declaration, in tbe general jurisdiction, is filed, there are no means of knowing tbe precise causes of action against tbe will of tbe plaintiff, and therefore a motion to consolidate is proper between tbe declaration and plea. But if tbe causes of action are admitted, or ascertained certainly by affidavits, I have no doubt a judge may make tbe order to consolidate at tbe return term of tbe Vrit. Such has been our practice, and it saves costs. Consolidation ought always to take place when tbe actions are upon notes or bills of exchange, made or drawn by tbe defendant, payable to or endorsed to tbe plaintiffj and due when bis writ issued. Tbe same rule holds as to debt or covenant on other causes of action. This is what is meant by Impey, at 731, where be speaks of notes due at different times, and actions successively brought. Tbe plaintiff there sued as each note fell due, and of course he could not be compelled to consolidate such actions. These remarks sufficiently indicate tbe course of practice. We cannot undertake to say that tbe discretion of the judge in these cases was improperly exercised : and as tbe parties at the filing of tbe declarations *144 before plea pleaded can make the motions to consolidate, this Court will not now interfere.
The motion is dismissed.
Wardlaw, Withers, Whither, Glover, and Mottro, JJ., concurred.

Motion refused.