### 21014

JOHN D. HOLLINGSWORTH ON WHEELS, INC., Respondent, v. ARKON CORPORATION, Appellant.

(257 S. E. (2d) 165)

*David L. Freeman,* of *Wyche, Burgess, Freeman & Parham,* Greenville, *for appellant.*

*Wesley M. Walker* and *James H. Watson,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent.*

July 26, 1979.

*Per Curiam:*

This appeal is from the lower court's orders denying appellant's motions for summary judgment and maintaining equitable jurisdiction over the entire controversy. We affirm.

While appellant raises numerous questions on appeal, we need only consider its first exception· which alleges the lower court erred in denying Arkon a jury trial on its counter-claim for damages arising from respondent's alleged contractual breach. Appellant asserts its counter-claim was compulsory and thus the lower court erred in failing to grant its motion for a jury trial. We disagree.

In *Kirven v. Virginia-Carolina Chemical Co.,* 77 S. C. 493, 58 S. E. 424 (1907) affirmed, 215 U. S. 252, 30 S. Ct. 78, 54 L. Ed. 179 (1909), this Court rejected the contention that compulsory counter-claims were statutorily mandated in contract actions. Hence, it is clear that Arkon would have answered Hollingsworth's complaint without assert-

ing its counter-claim. By electing to assert its counter-claim in response to Hollingsworth's equitable action, Arkon waived its right to a jury trial. *Welborn v. Cobb,* 92 S. C. 384, 75 S. E. 691 (1912). Accordingly, the orders of the lower court are affirmed.

We have considered the remaining questions raised by appellant and conclude they are without merit or precedential value. Accordingly, they are dismissed pursuant to Rule 23 of the Rules of this Court.