## 21055

Ronia STANLEY, Respondent, v. UNITED INSURANCE COMPANY OF AMERICA, Appellant.

(258 S. E. (2d) 432)

*Philip Wittenberg,* of *Levi & Wittenberg,* Sumter, *for appellant.*

*James P. Stevens, Sr.,* of *Stevens, Stevens & Thomas,* Loris, *for respondent.*

September 11, 1979.

*Per Curiam:*

This appeal is from the lower court's denial of the appellant's demurrer. We affirm.

The appellant filed an action in the Court of Common Pleas for rescission of the insurance policy in question. The respondent subsequently filed an action against the appellant alleging breach of contract with fraudulent intent and accompanied by a fraudulent act.

The appellant initially asserts that the respondent was prevented from bringing the current action by the principle of compulsory counter-claim. In *John D. Hollingsworth on Wheels, Inc. v. Arkon Corp.,* 257 S. E. (2d) 165, 1979, we reaffirmed this Court's previous rejection of the contention that compulsory counter-claims were statutorily mandated in contract actions. Therefore, the appellant's contention is without merit.

The appellant also asserts error in the order of the trial judge to consolidate for trial the two actions. We disagree that the appellant was deprived of a sub-

stantial right by the trial judge's actions and find no abuse of discretion.

In light of the alleged fraudulent acts of the appellant in procuring the surrender of respondent's insurance policy, we find that the appellant's final assignment of error that the respondent is unable to maintain an action to be without merit.