21424

Robert ALCORN, Respondent, v. FORD MOTOR COMPANY, Appellant. Robert ALCORN, Respondent, v. FORD MOTOR COMPANY, Appellant.

(276 S. E. (2d) 925)

*Keating L. Simons, III,* and *Wade H. Logan, III,* Charleston, *for appellant.*

*Auburn J. Bridge,* Walterboro, *for respondent.*

April 1, 1981.

NESS, Justice:

Appellant Ford Motor Company appeals from an order denying its motion to consolidate the breach of warranty and misrepresentation actions brought by respondent Robert Alcorn. We reverse.

Alcorn initially asserts we lack jurisdiction because Ford did not timely file its notice of intention to appeal as required by S. C. Code § 18-9-60 (1976) and Supreme Court Rule I, § 1(A). We disagree.

Alcorn contends the trial judge issued an oral order denying Ford's motion to consolidate on January 28, 1980, during the roster meeting for the January term of the Court of Common Pleas for Colleton County. The record indicates the motion to consolidate was not pending before the Court at this time. Ford refiled its motion which was denied in a written order, dated May 26, 1980, which confirmed the oral ruling, but did not contain any reasons for denying the

motion. Notice of intention to appeal was filed June 3, 1980, which was within ten days of receiving the written order. We hold the order is properly before us on appeal. See: *Murphy v. Hagan,* S. C., 271 S. E. (2d) 311 (1980).

Ford asserts the trial court abused its discretion in denying its motion to consolidate. We agree.

Alcorn brought suit against Ford for damages arising out of the purchase of a 1978 Ford truck. In separate complaints he alleged: 1) Ford breached the warranty to repair the truck and (2) it misrepresented the fact that replacement parts were available when they were not.

■ A motion to consolidate is addressed to the sound discretion of the trial judge, but the exercise of that discretion will be disturbed, if it deprived a party of a substantial right to which he is entitled under the law. *Bishop, et al. v. Bishop,* 164 S. C. 493, 162 S. E. (2d) 756 (1932); cf. *In Re Norwood's Adoption,* 258 S. E. (2d) 869 (N. C. App. 1979).

■ Here, Ford argues it was entitled to consolidation because the two actions were pending in the same court, at the same time, between the same parties, and involved substantially the same subject matter, issues and defenses. The purpose of consolidation is to prevent the multiplicity of litigation, to save the parties unnecessary costs, to conserve court time and space and to clear congested court dockets. See *Barrett v. Broad River Power Co.,* 146 S. C. 85, 143 S. E. 650 (1928).

We reverse the order denying appellant's motion to consolidate and remand to the trial court with instructions to consolidate 79-CP-15-204 with 79-CP-15-205 for trial. Since we are reversing the order of the trial court it is unnecessary to address appellant's remaining exception.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.