22251

James A. FANNING, Respondent, v. Wayne HICKS, Billy E. Faile, and James Steven Gibson, Defendants, of whom Wayne Hicks is, Appellant.

(327 S. E. (2d) 342)

Supreme Court

*S. Jackson Kimball,* Rock Hill, *for appellant.*

*Charles B. Burnette, III,* of *Ridley & Ridley,* Rock Hill, *for respondent.*

Heard Jan. 22, 1985.

Decided Feb. 28, 1985.

NESS, Justice:

Respondent Fanning seeks to recover damages for guns converted by appellant Hicks. The jury awarded Fanning $2,900 actual and $15,000 punitive damages. We affirm.

Fanning's home was burglarized and 21 guns were stolen. Hicks was charged as an accessory before the fact to the housebreaking and grand larceny. He returned eight of the 21 guns and pled *nolo contendre* to one count of receiving stolen goods.

Hicks' sentence was suspended upon the payment of a fine and two years probation. As a special condition of probation,

the court ordered Hicks to make immediate restitution to Fanning in the amount of $3,850 for the 13 guns not returned. Fanning was not present during the criminal proceeding.

Several months later Fanning brought this action against Hicks for the conversion of 13 guns and for damage to the 8 guns returned to him. Hicks entered a general denial and alleged the $3,850 restitution was an accord and satisfaction of the claim.

At the conclusion of all the testimony, the trial judge ruled there was no evidence that Fanning agreed to withdraw his claim. He granted Fanning's motion to strike and directed a verdict in his favor on the defense of accord and satisfaction.

Appellant argues the trial court erred in not submitting the issue of accord and satisfaction to the jury. We disagree.

The elements of an accord and satisfaction are the agreement between the parties to settle a dispute (the accord), and the payment of the consideration expressed in the accord (the satisfaction). *Williams v. Johnson,* 244 S. C. 406, 137 S. E. (2d) 410 (1964). There can be no accord without a meeting of the minds. *Redmond v. Strange,* 203 S. C. 35, 26 S. E. (2d) 16 (1943).

The record is void of any evidence that Fanning agreed with Hicks to settle their dispute for $3,850. Restitution was ordered by the court as a special condition to probation. Respondent was not even present during the taking of the plea. Without an agreement between the parties, there can be no accord and satisfaction.

We hold the trial court properly withdrew the defense from the jury's consideration.

Affirmed.

LITTLEJOHN, C. J., and GREGORY and HARWELL, JJ., concur.

JASPER M. CURETON, Acting Associate Justice, concurring in result only.