0811

Tommy SEIGLER, Appellant v. YEARGIN CONSTRUCTION COMPANY, INC., Respondent.

(350 S. E. (2d) 518)

Court of Appeals

---

*James C. Sarratt,* Greenville, *for appellant.*

*Donald L. Ferguson,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for respondent.*

Heard Sept. 23, 1986

Decided Oct. 20, 1986.

SANDERS, Chief Judge:

Appellant Tommy Seigler brought this action against respondent Yeargin Construction Company alleging the breach of a contract to pay him a bonus in connection with a construction project. The trial judge granted Yeargin an involuntary nonsuit at the end of his case. We reverse and remand.

Because this is an appeal from the granting of an involuntary nonsuit, we must review the evidence and all inferences reasonably deducible therefrom in the light most favorable to Mr. Seigler. *Winburn v. Insurance Company of North America,* 287 S. C. 435, 339 S. E. (2d) 142 (Ct. App. 1985). If there is any evidence from which a jury could find an actionable breach of contract by Yeargin, the judgment must be reversed and the case remanded for a new trial. *Ringer v. Graham,* 286 S. C. 14, 331 S. E. (2d) 373 (Ct. App. 1985).

We today affirmed a judgment following a jury verdict for a fellow employee of Mr. Seigler who brought suit to recover a bonus allegedly promised him in connection with the same project. *See McPeters v. Yeargin Construction Company, Inc.,* 290 S. C. 327, 350 S. E. (2d) 208 (Ct. App. 1986). While the facts in this case are somewhat different than those in *McPeters,* the material facts are the same and the same

principles of law are applicable.

For essentially the same reasons we affirmed in *McPeters*, we reverse and remand in the instant case, specifically addressing in this opinion only the two issues not presented in that appeal.

## I.

In the instant case, unlike in *McPeters*, the plaintiff, Mr. Seigler, presented the testimony of Mr. Carl Yost, the Yeargin official who allegedly promised the bonus. Mr. Yost testified only that he mentioned that each salaried employee would be eligible for a bonus of up to six months salary.

Yeargin argues that because Mr. Seigler called Mr. Yost as a witness, he is bound by his testimony. This argument is without merit and overlooks the function of the jury to pass upon the credibility of the witnesses. *Davenport v. Woodside Cotton Mills Co.*, 225 S. C. 52, 80 S. E. (2d) 740 (1954). Our Supreme Court has stated the rule on numerous occasions:

> The well-established rule in this state is that if there is any testimony whatever to go to the jury on an issue involved in a cause, or even if more than one inference can be drawn from the testimony, then it is the duty of the judge to submit the cause to the jury. This is true, even if witnesses for the plaintiff contradict each other, or if a witness himself in his testimony makes conflicting statements. The credibility of witnesses is entirely for the jury.

*Id.* at 61, 80 S. E. (2d) at 744; *see also Collum v. Southern Ry. Co.*, 189 S. C. 336, 1 S. E. (2d) 234 (1939); *Kizer v. Woodmen of the World*, 177 S. C. 70, 180 S. E. 804 (1935).

Since there was testimony that Mr. Yost promised a bonus of six months salary to Mr. Seigler and the other salaried employees, the fact that the testimony of Mr. Yost was not entirely favorable to Mr. Seigler is of no consequence.

## II.

Yeargin asserts the defense of accord and satisfaction as an additional sustaining ground. Yeargin eventually sent Mr. Seigler a check in the amount of $1000 as a bonus for his

work on the project. Mr. Seigler neither cashed this check nor returned it to Yeargin.

An agreement between the parties to a dispute is an ■ essential element of accord and satisfaction. *Fanning v. Hicks*, 284 S. C. 456, 327 S. E. (2d) 342 (Ct. App. 1985). In his testimony, Mr. Seigler denied that he ever intended to accept the check of Yeargin in satisfaction of the bonus he had been promised. Indeed, he had the check with him on the witness stand and testified he was willing to return it to Yeargin then. Where there is no meeting of the minds there is no accord. *Id.* Because there was evidence from which a jury could find that Mr. Seigler and Yeargin did not reach an agreement regarding the acceptance of the check, an accord and satisfaction could not afford the basis of an involuntary nonsuit. *See Ringer v. Graham*, 286 S. C. 14, 331 S. E. (2d) 373.

Reversed and remanded.

SHAW and LITTLEJOHN, JJ., concur.