## 2036

Henry C. KEELS, Jr., and Keels Music Company, Inc., Respondents v.
B.J. PIERCE, Appellant.

(433 S.E. (2d) 902)

Court of Appeals

*Hugh L. Wilcox, Jr.* and *W. Reynolds Williams,* both of *Willcox, McLeod, Buyck, Baker & Williams,* Florence, *for appellant.*

*David W. Keller, Jr.,* of *McGowan, Keller, Eaton & Stewart,* Florence, *for respondents.*

Heard Apr. 20, 1993; Decided June 21, 1993.

Reh. Den. Aug. 19, 1993.

*Per Curiam:*

In September 1990, Henry C. Keels and Keels Music Company, Inc. (collectively referred to as "Keels") brought an action against B.J. Pierce for foreclosure of a real estate mortgage and a security interest in related personal property (a

mobile home park, mobile homes, vehicles, and equipment). Pierce answered with a general denial and an affirmative defense based upon waiver of the right to accelerate the debt.

In January 1991, Pierce brought a separate action against Keels alleging breach of an express warranty, breach of implied warranties of merchantability and fitness for a particular purpose, violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 to -560 (1985), for alleged deceptive acts in the sale of the park, and fraud arising out of the sale of the mobile home park. In February 1991, Pierce moved to amend his answer in the first action to allege that the parties agreed to modify the terms of the financing agreement for the sale of the park. In March 1991, Pierce moved to consolidate the two actions for discovery and trial purposes, and sought a continuance of the foreclosure action.

On March 27, 1991, the case was called for a merits hearing on the foreclosure action. The trial court denied all of Pierce's motions and proceeded with trial of Keels's claims. The court ordered judgment for Keels and Pierce appeals. We affirm.

1. Pierce first contends the trial court erred in denying his motion to consolidate the two cases. He asserts his claims in the second action were permissive counterclaims for which he would have waived a jury trial had he raised them in his answer. *See, e.g., C & S Real Estate Services, Inc. v. Massengale*, 290 S.C. 299, 350 S.E. (2d) 191 (1986), *modified on other grounds, Johnson v. South Carolina National Bank*, 292 S.C. 51, 354 S.E. (2d) 895 (1987); *John D. Hollingsworth on Wheels v. Arkon Corp.*, 273 S.C. 461, 257 S.E. (2d) 165 (1979). Thus, he claims, he had no choice but to bring a separate action, which for convenience and economy's sake should have been consolidated with the first action under Rule 42, SCRCP.

In our opinion, Rule 13, SCRCP, does not place a pleader in this dilemma. If it is uncertain whether a counterclaim is compulsory or permissive, the pleader may simply plead the claim and make demand for a jury trial on it. If it is compulsory, he retains his right to a jury trial. *See Johnson v. South Carolina National Bank*, 292 S.C. 51, 354 S.E. (2d) 895 (1987). If it is permissive, the court, on its own motion or the motion of the pleader, may order a separate trial of the counterclaim pursuant to Rule 42(b) to avoid prej-

udice to the pleader's right to a jury trial. *See* Rule 13(i), SCRCP. The rule laid out in *Hollingsworth, supra,* and *Massengale, supra,* applies only when it is clear the counterclaim is permissive. In that situation, the pleader is on notice that asserting an obviously permissive counterclaim, which under the Rule 13 could be asserted in a separate jury trial, waives the right to trial by jury by operation of law. However, if uncertainty exists, the pleader does not waive his right to a jury trial if the court later decides the claim is permissive. The right of trial by jury is highly favored, and waivers of the right are always strictly construed and not lightly inferred or extended by implication. *In re Gilliland,* 248 N.C. 517, 103 S.E. (2d) 807 (1958). In absence of an express argreement or consent, a waiver of the right to a jury trial will not be presumed. *Id.*

Consolidation under Rule 42(a), SCRCP, may be ordered whenever actions involving a common question of law or fact are pending before the court. *Ellis by Ellis v. Oliver,* 307 S.C. 365, 415 S.E. (2d) 400 (1992). Under a consolidation order, the parties and the pleadings are not merged, and each action retains its own identity. *Id.* Consolidation is within the broad discretion of the trial court. *Worthy v. Chalk,* 44 S.C.L. (10 Rich.) 141 (1856). The moving party has the burden of persuading the court that consolidation is desirable. *Prudential Insurance Co. v. Marine National Exchange Bank,* 55 F.R.D. 436 (E.D. Wis. 1972). An appellate court will not disturb a trial court's ruling on a motion to consolidate absent an abuse of discretion. *Winchester v. United Insurance Co.,* 231 S.C. 288, 98 S.E. (2d) 530 (1957).

We assume, without deciding, that Pierce's claims in the second action were permissive counterclaims under the logical relation test adopted by our Supreme Court in *North Carolina Federal Savings & Loan Ass'n. v. DAV Corp.,* 298 S.C. 514, 381 S.E. (2d) 903 (1989), and *First-Citizens Bank & Trust Co. v. Hucks,* 305 S.C. 296, 408 S.E. (2d) 222 (1991). As permissive counterclaims, they would still be available to Pierce in his second action, subject to the defenses of res judicata or collateral estoppel.[1]

---

[1] Were the counterclaims compulsory, Pierce would be required to assert them under Rule 13(a), SCRCP, or seek leave to amend to assert them under Rule 13(f), SCRCP. He did neither.

With these principles in mind, we hold the trial court's decision denying the motion to consolidate was not an abuse of discretion and did not work any prejudice to Pierce.

2. Pierce next argues the trial court erred in refusing to allow him to amend his answer in the first action to allege an additional affirmative defense—"reformation" of the sales contract note and mortgage. Pierce did not proffer a proposed amended answer to the trial court or include it in the record on appeal. The trial court did not rule on whether Keels would have been prejudiced by allowing the amendment and in fact gave no explicit reasons for its ruling.

From the testimony, however, it is apparent that Pierce claimed the parties reached an accord and satisfaction, substituting a new agreement which allowed Pierce to make certain adjustments in the amounts due under the promissory notes he executed in favor of Keels. Pierce asserts that he performed his part of the new bargain by tendering to Keels a check for the adjusted amount, although Keels ultimately returned the check without negotiating it.

We reject Pierce's argument for two reasons. First, to constitute good tender, the law requires payment to be in money, for the proper amount due, made to the proper person, at the proper place. *Anderson v. Citizens Bank*, 294 S.C. 387, 365 S.E. (2d) 26 (Ct. App. 1987), *overruled on other grounds, Ward v. Dick Dyer & Associates*, 304 S.C. 152, 403 S.E. (2d) 310 (1991). A check is not tender. *Id.* Second, even if the tendered check had been sufficient, an agreement between the parties is an essential element of accord and satisfaction. *Seigler v. Yeargin Construction Co.*, 290 S.C. 383, 350 S.E. (2d) 518 (Ct. App. 1986). Where there is no meeting of the minds there is no accord. *Id.* The evidence conflicted on whether the parties agreed to modify their agreement, and the trial court resolved that conflict against Pierce.

Accordingly, any error in denying leave to amend the answer was harmless. Pierce was allowed to try the issue over Keels's objection, and the evidence he presented did not establish an accord and satisfaction as a matter of law.

3. Pierce next argues that the trial court erred in finding that the payments were not made as required by the notes. Pierce's argument is based upon his contention that the parties had modified the note and that he had fully performed

under the modification. As discussed above, however, Pierce did not establish an agreement to modify his performance, and his tender of a check was insufficient to constitute tender under any new agreement, as a matter of law. Accordingly, this issue has no merit. Furthermore, the record amply supports the trial court's ruling that Pierce was in default under both promissory notes.

4. Finally, Pierce argues that the trial court erred in ordering foreclosure in circumstances where the validity of the underlying debt was hotly contested and the subject of pending litigation. Again, Pierce's argument is based upon his contention that the parties had modified the note and that he had fully performed so as to extinguish the underlying debt. As noted above, this issue has no merit.

For the reasons stated, the judgment is

Affirmed.