THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
John Thomas Meehan, Jr., Appellant,
 
 
 

v.

 
 
 
Jerry Andrew Meehan, individually and as member of Lebanon Road, LLC; Robert N. Newton, individually and as member of Lebanon Road, LLC; James B. Rogers, individually and as member of Lebanon Road, LLC; A South Carolina Limited Liability Company; GrandSouth
Bancorporation; Mountainbank; and Janet Elizabeth Kelly Dorado, Defendants,
of whom Jerry Andrew Meehan, individually and as member of Lebanon Road, LLC; Robert N. Newton, individually and as member of Lebanon Road, LLC; James B. Rogers, individually and as member of Lebanon Road, LLC; A South Carolina Limited Liability Company; GrandSouth
Bancorporation; and Janet Elizabeth Kelly Dorado, Respondents.
 
 
 

Appeal From Anderson County
 J. Cordell Maddox, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-088
Heard January 11, 2006  Filed February 10, 2006

AFFIRMED

 
 
 
Robert Wallis Cone, of Greenwood, for Appellant.
D. Sean Faulkner, of Greenville, Harold P. Threlkeld and J. Calhoun Pruitt, Jr., of Anderson, for Respondents.
 
 
 

HEARN, C.J.:  John Thomas Meehan, Jr. appeals the circuit courts dismissal of his action for lack of standing pursuant to Rule 12(b)(6), SCRCP.  We affirm.
FACTS
The respondents, Jerry Andrew Meehan (Jerry) and Janet Elizabeth Kelly Dorado (Janet), and the appellant, John Thomas Meehan, Jr. (Meehan), are the children of Mary Meehan (Mother), who is not a party to this action.  Mother owned several large parcels of real estate located in Pendleton, South Carolina.  Two of those parcels, the Dickson Place tract and the Harris Place tract, are directly involved in this dispute.  The Dickson Place property contains approximately 115 acres and the Harris Place property consists of 70.2 acres.  In May of 1983, Mother conveyed fee simple title to Dickson Place to Jerry.  In 2003, Mother conveyed fee simple title to Harris Place to Jerry and Janet.  
In May 2003, Jerry conveyed his entire interest in Dickson Place plus an additional 18.6 acres to Lebanon Road, LLC, for the purchase price of $554,000.  Lebanon Road simultaneously granted GrandSouth Bank a first mortgage on the property acquired from Jerry.[1]  After mortgaging the Harris Place property, Jerry and Janet re-conveyed the property back to Mother who then sold the property to Robert Newton.  At no time did Meehan acquire an interest in either Dickson Place or Harris Place.
Meehan claims Mother made numerous verbal and written representations to him that he would receive Dickson Place as his sole property either during Mothers lifetime or upon her death.  Meehan relies on a 2001 letter in which Mother promised him Dickson Place.  He also claims Jerry and Janet mortgaged Harris Place against Mothers wishes.  According to Meehan, Mother stated that she wanted the Harris Place property to be divided equally between her three children.  
Meehan filed this action to set aside the deeds of conveyance to Jerry and Janet from Mother based on fraud, duress, and undue influence.  Meehan also sought a constructive trust for his benefit on Dickson Place and Harris Place because Mother promised or intended to convey an interest in both to him.  The circuit court dismissed, finding Meehan lacked the standing necessary to bring the actions.  This appeal followed.
STANDARD OF REVIEW
Under Rule 12(b)(6), SCRCP, a defendant may move to dismiss based on a failure to state facts sufficient to constitute a cause of action.  Flateau v. Harrelson, 355 S.C. 197, 201, 584 S.E.2d 413, 415 (Ct. App. 2003).  A trial judge may dismiss a claim when the defendant demonstrates the plaintiff has failed to state facts sufficient to constitute a cause of action in the pleadings.  Williams v. Condon, 347 S.C. 227, 233, 553 S.E.2d 496, 500 (Ct. App. 2001).  Generally, in considering a 12(b)(6) motion, the circuit court must base its ruling solely upon allegations set forth on the face of the complaint. Stiles v. Onorato, 318 S.C. 297, 300, 457 S.E.2d 601, 602-03 (1995).  Upon review of a dismissal of an action pursuant to Rule 12(b)(6), the appellate court applies the same standard of review implemented by the circuit court.  Doe v. Marion, 361 S.C. 463, 470, 605 S.E.2d 556, 560 (Ct. App. 2004).
LAW/ANALYSIS
Meehan argues the circuit court erred in dismissing his action pursuant to Rule 12(b)(6), SCRCP.  Specifically, Meehan contends the circuit court erred in finding he lacked the standing necessary to maintain the action.[2]  We disagree.
To have standing, one must have a personal stake in the subject matter of the lawsuit; one must be a real party in interest.  Charleston County Sch. Dist. v. Charleston County Election Commn, 336 S.C. 174, 181, 519 S.E.2d 567, 571 (1999).  A real party in interest is one who has a real, material, or substantial interest in the subject matter of the action, as opposed to one who has only a nominal or technical interest in the action.  Anchor Point, Inc. v. Shoals Sewer Co., 308 S.C. 422, 428, 418 S.E.2d 546, 549 (1992).  A private person does not have standing unless he has sustained, or is in immediate danger of sustaining, prejudice from an executive or legislative action.  Baird v. Charleston County, 333 S.C. 519, 530, 511 S.E.2d 69, 75 (1999).  Such imminent prejudice must be of a personal nature to the party laying claim to standing and not merely of general interest common to all members of the public.  Id. at 530, 511 S.E.2d at 75 (citing Citizens for Lee County, Inc. v. Lee County, 308 S.C. 23, 416 S.E.2d 641 (1992)).  Moreover, the injury in fact cannot be a prospective concern of future harm.  Beaufort Realty Co. v. S.C. Coastal Conservation League, 346 S.C. 298, 303, 551 S.E.2d 588, 590 (Ct. App. 2001).
In Sea Pines Association for Protection of Wildlife, Inc. v. South Carolina Department of Natural Resources, our supreme court set out the three irreducible constitutional minimums of standing.  345 S.C. 594, 601, 550 S.E.2d 287, 291 (2001) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-61 (1992) (internal citations omitted)).  First, the plaintiff must have suffered an injury in fact.  The court defined injury in fact as an invasion of a legally protected interest which is concrete and particularized and actual or imminent, not conjectural or hypothetical.  Second, a causal connection must exist between the alleged injury and the conduct from which the plaintiff complains.  The injury must be traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.  Third, it must be likely rather than merely speculative, that the injury will be redressed by a favorable decision.  Id.  
Here, Meehan does not satisfy the irreducible constitutional minimum of standing.  Meehan fails to satisfy both the first and second prongs of the Lujan test.  First, Meehan cannot establish an injury in fact.  Meehan admits he did not own the Dickson Place or Harris Place properties at the time Mother transferred them to Jerry and Janet.  Moreover, Meehan admits Mother did not own the properties at the time she wrote the 2001 letter in which she promised to devise Dickson Place to Meehan.  The only interest Meehan claims in the properties is the mere possibility that Mother might have given the Dickson Place property to him in the future.  Therefore, the mere expectancy or future interest in the properties fails to satisfy the Lujan requirement that the injury be concrete and particularized and actual or imminent, not merely conjectural or hypothetical.  
Second, Meehan fails to establish a causal connection between his alleged injury and the conduct of Jerry and Janet.  The injury complained of is that Jerry and Janet committed unlawful acts against a third partyMother or that Mother conveyed the property to Meehans siblings in contravention of the 2001 letter promising him the property.  Therefore, if Jerry and Janet committed the acts alleged by Meehan in his complaint, only Mother could seek redress for those tortious actions; or, in the alternative, because it was Mother who promised Meehan the property, he might have a claim against Mother, but not one against his siblings.  As a result, the injury Meehan complains of is merely the result of the independent action of some third party not before the court.  Because Meehan has not suffered an injury in fact and has failed to establish a causal connection between his injury and the conduct of Jerry and Janet, we find no error in the circuit courts conclusion that Meehan lacks the standing necessary to maintain.
Meehan next argues the complaint adequately sets forth a claim against Jerry and Janet for intentional interference with inheritance rights.  We find this issue not preserved for appellate review.[3]
It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.  Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998).   An argument is not preserved for review when it is presented it to the court for the first time in a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP.  Hickman v. Hickman, 301 S.C. 455, 457, 392 S.E.2d 481, 482 (1990).  A party cannot use Rule 59(e), SCRCP, to present to the trial court an issue the party could have raised prior to judgment but did not.  Id.
In this case, Meehan neither alleged a cause of action for intentional interference with inheritance rights in his amended complaint, nor sought to proffer any further amendment to the complaint at the hearing.  The first mention of an allegation supporting an action for intentional interference with inheritance rights came in Meehans Rule 59(e), SCRCP motion to alter or amend the judgment.  Therefore, this issue is not preserved for our review.
Additionally, Meehan argues the circuit court erred in dismissing his action rather than affording him the opportunity to add Mother as an indispensable party.  Again, we find this issue not preserved for appellate review.

Rule 15(a), SCRCP, provides, in part:
 
A party may amend his pleading once as a matter of course at any time before or within 30 days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial roster, he may so amend it at any time within 30 days after it is served.  Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party.
 

Accordingly, a party seeking to amend his pleadings at trial must proffer the amendment before the court, and must obtain a ruling from the circuit court denying the amendment.  See Keels v. Pierce, 315 S.C. 339, 343, 433 S.E.2d 902, 904 (Ct. App. 1993).  
Here, Meehan did not seek to add Mother as a party, nor did he proffer any amendment to the circuit court at the hearing.  Meehan simply stated to the court if we go on, Ill have to amend the complaint anyway.  Even assuming this could be construed as an oral motion to amend, and we do not believe it can, Meehan did not receive a ruling from the circuit court.  Therefore, the issue is not preserved for our review.
Lastly, Meehan alleges the circuit court erred in considering an affidavit of Mother in ruling on the dismissal.  We disagree.
It is well settled that in considering a Rule 12(b)(6), SCRCP motion, the circuit court must base its ruling solely upon the allegations set forth in the pleadings.  Stiles v. Onorato, 318 S.C. 297, 457 S.E.2d 697 (1995).  If the circuit court considers matters outside of the pleadings, the 12(b)(6) motion will be converted to one for summary judgment under Rule 56, SCRCP.  See Rule 12(b)(6), SCRCP.
There is no evidence that the circuit court relied on Mothers affidavit in dismissing Meehans action under Rule 12(b)(6).  The affidavit was introduced pursuant to Mothers contemporaneous Motion to Quash the Deposition Subpoena of Meehan.  While there was some dialogue between the circuit court and Meehans attorney concerning the affidavit, nothing indicates the circuit court considered the contents of the affidavit when it dismissed the action.  The findings of fact and conclusions of law contained in the order dismissing the action make no reference to the affidavit or the facts contained in the affidavit, and Meehan cannot point to any evidence that the circuit court relied on the affidavit of Mother.  Therefore, the action was not converted to a motion for summary judgment, and the circuit court correctly dismissed the action pursuant to Rule 12(b)(6), SCRCP.
CONCLUSION
Accordingly, the circuit courts dismissal of Meehans action pursuant to Rule 12(b)(6) is hereby
 AFFIRMED.
HUFF and BEATTY, JJ., concur.

[1] Lebanon Road thereafter conveyed approximately 42.6 acres of the Dickson Place property to Coastal Plains Development Co., an entity not a party to this action.  The remainder of Dickson Place is currently owned by Lebanon Road.
[2] We need not address the other Respondents, Lebanon Road, LLC, and GrandSouth Bancorporation, as any liability they may incur is derivative to that of Jerry and Janet.  Because we affirm the circuit courts finding that Meehan lacked the standing to bring the action against Jerry and Janet, we also affirm the dismissal of the remaining Respondents.
[3] South Carolina has yet to recognize intentional interference with inheritance rights as a valid cause of action.