THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Robin Cooper
 & Carol Jean Correll, Respondents,
 
 
 
 

v.

 
 
 
 
 Leisure
 Connections Travel, Inc., Appellant.
 
 
 
 
 

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2010-UP-524
 Submitted December 1, 2010  Filed
December 13, 2010  

AFFIRMED

 
 
 
 Randall K. Mullins and Jarrod E. Ownbey,
 of N. Myrtle Beach, for Appellant.
 Jean Correll, of Silver Springs, Maryland,
 and Robin Cooper, of Bowie, Maryland, for Respondents.
 
 
 

PER CURIAM: Leisure Connections Travel, Inc. (LCT) appeals the
 order of the circuit court affirming the magistrate courts order awarding
 damages to Respondents Robin Cooper and Carol Jean Correll.  On appeal, LCT
 argues the circuit court erred in affirming the magistrate court on the
 following grounds: (1) consolidating the cases; (2) finding res judicata and
 collateral estoppel inapplicable to Cooper's claim in South Carolina following
 a Maryland judgment; (3) charging the jury on the South Carolina Unfair Trade
 Practices Act, fraud, and the issue of agency; (4) allowing testimony that
 Fantasy Vacations, Inc. and LCT are the same entity under the theory of respondeat
 superior; (5) denying LCT's motion for a mistrial based on Respondents'
 improper statements during closing arguments; (6) failing to join Fantasy
 Vacations, Inc. as a necessary and proper party defendant; and (7) allowing
 joint testimony by the Respondents under Rules 404(b) and 406 of the South
 Carolina Rules of Evidence.  
 We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: As to Issue 1, see Alcorn v. Ford Motor Co., 276 S.C. 180, 182, 276 S.E.2d 925,
 926 (1981) (finding the purpose of consolidation is to prevent the
 multiplicity of litigation, to save the parties unnecessary costs, to conserve
 court time and space, and to clear congested court dockets); Keels v. Pierce, 315
 S.C. 339, 342, 433 S.E.2d 902, 904 (Ct. App. 1993) (stating that a court
 may order consolidation, absent an abuse of discretion, whenever there are
 actions pending before the court that involve a common question of law or fact); as to
 Issue 2, see State v. Bacote, 331 S.C. 328, 331, 503 S.E.2d
 161, 163 (1998) ("In the context of a default judgment, collateral estoppel
 or issue preclusion does not apply because an essential element of that
 doctrine requires that the claim sought to be precluded actually have been
 litigated in the earlier litigation.") (citation omitted); S.C. Dep't
 of Soc. Servs. v. Basnight, 346 S.C. 241, 249, 551 S.E.2d 274,
 278 (Ct. App. 2001) (stating res judicata not only precludes relitigation
 of those issues which were actually litigated in the first suit, but also
 relitigation of issues that might have been litigated in the first
 action) (emphasis added); as to issue 3, see Johnson v. Horry Cnty.
 Solid Waste Auth., 389 S.C. 528, 538, 698 S.E.2d 835, 840 (Ct. App.
 2010) (holding the appellate court "must consider the court's jury charge as a whole in light of the evidence and issues presented at trial") (internal
 quotations and citation omitted); as to Issue 5, see Vestry & Church
 Wardens of Church of Holy Cross v. Orkin Exterminating Co., 384 S.C.
 441, 446-47, 682 S.E.2d 489, 492 (2009) (stating the trial court, absent
 an abuse of discretion, should declare a mistrial only when absolutely
 necessary and when the moving
 party has shown error and resulting prejudice); as
 to all remaining issues on appeal, see Jones v. Lott, 387
 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower
 court.").
AFFIRMED.
THOMAS, PIEPER, and
 GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.