**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Cecil Rowe, Appellant,

v.

Family Health Centers, Inc., Respondent.

AND

Rebecca Rowe, Appellant,

v.

Family Health Centers, Inc., Respondent.

Appellate Case No. 2019-000998

———————

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-063
Submitted January 1, 2022 – Filed February 9, 2022

———————

**AFFIRMED**

———————

Joseph Odell Thickens and James Eric Cavanaugh, both of Cavanaugh & Thickens LLC, of Columbia; and Clyde C. Dean, Jr., of Dean Law Firm, PLLC, of Orangeburg, all for Appellants.

John Martin Grantland, of Murphy & Grantland, PA, of Columbia, for Respondent.

---

**PER CURIAM:**  Cecil and Rebecca Rowe (collectively, the Rowes) appeal the circuit court's consolidation of their cases against Family Health Centers, Inc. (FHC).  On appeal, the Rowes argue the circuit court erred in consolidating their cases because there were no common questions of law or fact.  We hold the circuit court did not abuse its discretion because the consolidation promoted judicial economy and, based on the allegations in their complaints, there was a common question of law or fact as to whether FHC's polished floor was a dangerous condition.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Keels v. Pierce*, 315 S.C. 339, 342, 433 S.E.2d 902, 904 (Ct. App. 1993) ("An appellate court will not disturb a [circuit] court's ruling on a motion to consolidate absent an abuse of discretion."); *Historic Charleston Holdings, LLC v. Mallon*, 381 S.C. 417, 434, 673 S.E.2d 448, 457 (2009) ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support."); Rule 42(a), SCRCP ("When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters in issue in the action[, and] it may order all the actions consolidated . . . ."); *Keels*, 315 S.C. at 342, 433 S.E.2d at 904 ("The moving party has the burden of persuading the court that consolidation is desirable."); *Skull Creek Club Ltd. P'ship v. Cook & Book, Inc.*, 313 S.C. 283, 289, 437 S.E.2d 163, 166 (Ct. App. 1993) ("It is well settled that parties are judicially bound by their pleadings unless withdrawn, altered[,] or stricken by amendment or otherwise.  The allegations, statements, or admissions contained in a pleading are conclusive as against the pleader and a party cannot subsequently take a position contradictory of, or inconsistent with, his pleadings[,] and the facts which are admitted by the pleadings are taken as true against the pleader for the purpose of the action." (quoting *Postal v. Mann*, 308 S.C. 385, 387, 418 S.E.2d 322, 323 (Ct. App. 1992))).

**AFFIRMED.**[1]

**THOMAS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.