**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Electric & Gas Company, Respondent,

v.

Barbara A. Todd, Landowner,

and

Public Service Authority; Pitch Landing, LLC; and David O. Heniford, Jr., Other Condemnees,

of which Pitch Landing, LLC is the Appellant.

AND

South Carolina Electric & Gas Company, Respondent,

v.

Pitch Landing, LLC, Appellant,

and

South Carolina Public Authority; Horry Telephone Cooperative; Grand Strand Water and Sewer Authority; Coastal Carolina National Bank; Billy J. McDowell & Sally R. McDowell; Bobby D. McDowell, Other Condemnees.

Appellate Case No. 2021-000393

Unpublished Opinion No. 2023-UP-202
Submitted May 17, 2023 – Filed May 24, 2023

**AFFIRMED**

Mark David Neill, of Neill Law Firm, PA, of Murrells
Inlet; and Robert S. Shelton, of Bellamy, Rutenberg,
Copeland, Epps, Gravely & Bowers, P.A., of Myrtle
Beach, for Appellant.

Gregory Milam Alford, of Alford Law Firm LLC, of
Hilton Head Island, for Respondent.

**PER CURIAM:** Pitch Landing, LLC (Pitch Landing) appeals the circuit court's
Form 4 orders that (1) restored case number 2018-CP-26-06064 (the Todd Case)
but placed it on the non-jury roster and (2) denied Pitch Landing's motion to
consolidate the Todd Case with case number 2018-CP-26-06424 (the Pitch
Landing Case).  On appeal, Pitch Landing argues the circuit court erred by (1)
relying on *South Carolina Department of Commerce v. Clemson University*,[1] (2)
placing the Todd Case on the non-jury docket, and (3) denying the motion to
consolidate the Todd Case and the Pitch Landing Case.  We affirm pursuant to
Rule 220(b), SCACR.

We hold the circuit court did not err by placing the Todd Case on the non-jury
docket because the South Carolina Eminent Domain Procedure Act[2] only provides
for the condemnor or landowner to request a jury trial, and Pitch Landing is not a
landowner of the property at issue in the Todd Case.[3]  *See Verenes v. Alvanos*, 387

---

[1] 432 S.C. 352, 851 S.E.2d 735 (Ct. App. 2020).

[2] S.C. Code Ann. §§ 28-2-10 to -510 (2007 & Supp. 2022).

[3] To the extent the parties discuss *South Carolina Department of Commerce v.
Clemson University*, our supreme court dismissed the petition for a writ of

S.C. 11, 15, 690 S.E.2d 771, 772 (2010) ("Whether a party is entitled to a jury trial is a question of law."); *Lightner v. Hampton Hall Club, Inc.*, 419 S.C. 357, 363, 798 S.E.2d 555, 558 (2017) ("[T]his Court reviews questions of law de novo." (alteration in original) (quoting *Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008))); *Cobb v. S.C. Dep't of Transp.*, 365 S.C. 360, 364-65, 618 S.E.2d 299, 301 (2005) (acknowledging there is no constitutional right to a jury trial in an eminent domain case; however, "such a right is provided by statute"); S.C. Code Ann. § 28-2-240(A)-(B) (2007) ("(A) If the condemnor elects to proceed under this section, and the amount tendered in the Condemnation Notice is rejected, the condemnor shall file the Condemnation Notice with the clerk of court, if not already filed, and shall serve upon the landowner and file with the clerk an affidavit stating: . . . whether the condemnor demands a trial by jury or by the court; . . . the name and known address of each landowner whom the clerk should notify of the call of the case for trial. . . . (B) After the filing of the affidavit, the case shall proceed as provided in Article 3."); S.C. Code Ann. § 28-2-310(A)-(B) (2007) ("(A) Upon the filing of the affidavit described in § 28-2-240(A) . . . the action must be tried as provided in this article. (B) If the condemnor and the landowner have demanded trial by the court without a jury, the clerk shall place the action on the nonjury trial roster. Otherwise, the action must be placed on the jury trial roster."); S.C. Code Ann. § 28-2-280(C)(8) (2007) (providing that when a condemnor elects to proceed under section 28-2-240, its condemnation notice shall state whether the condemnor "demands a trial by jury or by the court without a jury" and "[t]he landowner has the right to demand a trial by jury."); S.C. Code Ann. § 28-230(12) (2007) (defining "Landowner" as "one or more condemnees having a record *fee simple interest* in the property condemned or any part thereof, as distinguished from condemnees who possess a lien or other nonownership interest in the property . . . " (emphasis added)); S.C. Code Ann. § 28-2-30(6) (2007) (defining "condemnee" as "a person or other entity who has a record interest in or holds actual possession of property that is the subject of a condemnation action"); 18 S.C. Jur. Eminent Domain § 44 (1993) (noting "[t]he Act distinguishes between other condemnees and the landowners"); S.C. Code Ann. § 28-2-30(17) (2007) ("'Property' . . . means all lands, including improvements and fixtures thereon, . . . easements and hereditaments, . . . every estate, interest and right, legal or equitable, in lands or water and all rights, interests, privileges, easements, encumbrances, and franchises relating thereto . . . .").

---

certiorari and vacated the opinion of the court of appeals. *S.C. Dep't of Com., Div. of Pub. Railways v. Clemson Univ.*, 2021-000070 (Sup. Ct. filed Nov. 9, 2021).

Based on the foregoing and because Pitch Landing demanded a jury trial in the Pitch Landing Case, we further hold the circuit court did not err by denying Pitch Landing's motion to consolidate. *See Keels v. Pierce*, 315 S.C. 339, 342, 433 S.E.2d 902, 904 (Ct. App. 1993) ("An appellate court will not disturb a [circuit] court's ruling on a motion to consolidate absent an abuse of discretion."); *Conner v. City of Forest Acres*, 363 S.C. 460, 467, 611 S.E.2d 905, 908 (2005) ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support."); Rule 42(a), SCRCP ("When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters in issue in the action[, and] it may order all the actions consolidated . . . ."); *Keels*, 315 S.C. at 342, 433 S.E.2d at 904 ("The moving party has the burden of persuading the court that consolidation is desirable.").

**AFFIRMED.**[4]

**WILLIAMS, C.J., and VINSON and VERDIN, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.