## WILLIAMS v. WILLIAMS

[228 N.C. App. 753 (2013)]

CLARENCE JONATHAN WILLIAMS, EDDIE MACK, JOYCE GRIFFIN, AND ODELL DAVIS, III, BY AND THROUGH HIS DULY APPOINTED GUARDIAN AD LITEM, ROBERT GRAY AUSTIN, III, PLAINTIFFS

v.

AMBER LAVONE WILLIAMS, INDIVIDUALLY, AMBER LAVONE WILLIAMS, IN HER REPRESENTATIVE CAPACITY AS ADMINISTRATOR OF THE ESTATE OF WILLIE JAMES INGRAM, DECEASED, AND LAKEYSHA MEDLIN DAVIS, DEFENDANTS

No. COA13-55

Filed 6 August 2013

**Attorneys—conflict of interest—individual representation—representation as administratrix**

The trial court did not err by disqualifying defendant's attorney from representing her in her individual capacity in the present civil action and in her capacity as administratrix in an estate proceeding. There was competent evidence to support the finding that counsel represented defendant in both capacities and that defendant's interests in her individual capacity were not aligned, but were, in fact, adverse to those of the estate proceeding.

Appeal by Defendant from order entered 25 September 2012 by Judge James W. Morgan in Union County Superior Court. Heard in the Court of Appeals 23 May 2013.

*Strauch Fitzgerald & Green, P.C., by Andrew L. Fitzgerald and Hannah K. Albertson, and Hickmon & Perrin, PC, by James E. Hickmon, for Plaintiffs.*

*Harrington Law Firm, by James J. Harrington, for Defendant Amber Lavone Williams.*

DILLON, Judge.

Amber Lavone Williams (Defendant)[1] is the administratrix of the Estate of William James Ingram (the Ingram Estate). The administration of the Ingram Estate is currently pending before the Clerk of Union County Superior Court (the Estate Proceeding).

---

1. Plaintiffs' complaint also asserted claims against a co-defendant, Lakeysha Medlin Davis, which are not relevant for purposes of this appeal.

The case *sub judice* is a civil action filed in Union County Superior Court by Plaintiffs – the heirs of the Ingram Estate –against Defendant both in her individual capacity and in her capacity as administratrix of the Ingram Estate, seeking damages and declaratory relief. Following a hearing on a motion to disqualify filed by Plaintiffs, the trial court entered an order disqualifying Larry E. Harrington, James J. Harrington, and the Harrington Law Firm (collectively, Harrington) from representing Defendant in her individual capacity in the present civil action and in the Estate Proceeding. For the following reasons, we affirm the trial court's order.

## I. Factual & Procedural Background

On 22 March 2012, Willie James Ingram was admitted to a hospital in Salisbury, North Carolina, suffering from kidney failure, liver failure, congestive heart failure, and diabetes. According to Plaintiffs – who are Mr. Ingram's siblings – Mr. Ingram was heavily medicated and cognitively impaired from this point through the time of his death several weeks later.

On 14 April 2012, Defendant arrived at the hospital and declared that she was Mr. Ingram's daughter. Plaintiffs aver that they had no knowledge of Defendant's existence or of her relation to Mr. Ingram prior to this time.

On 18 April 2012, Defendant visited a branch of Branch Banking and Trust Company (BB&T) and requested that her name be added to Mr. Ingram's BB&T account, which contained approximately $200,000.00, as a co-owner with rights of survivorship. BB&T initially refused Defendant's request, but acquiesced when Defendant later returned with documents purportedly signed by Mr. Ingram, authorizing Defendant to be added to the account. Around this time, Defendant also retained counsel to prepare a durable power-of-attorney instrument. Mr. Ingram purportedly signed this instrument on 23 April 2012, effectively appointing Defendant as his attorney-in-fact.

Mr. Ingram died intestate on 28 April 2012. On 10 May 2012, Defendant was appointed administratrix of the Ingram Estate after representing to the Union County Clerk of Superior Court that she was Mr. Ingram's daughter and sole heir-at-law. Upon learning of Defendant's appointment, Plaintiffs petitioned the clerk of court in the Estate Proceeding to remove Defendant from her role as administratrix. By order entered 28 June 2012, the clerk of court determined that Defendant "is not [Mr. Ingram's] legitimate daughter, is not an heir of [Mr. Ingram], and is entitled to take nothing through [Mr. Ingram's]

Estate" and that Plaintiffs were Mr. Ingram's sole heirs. However, the clerk of court entered a separate order denying Plaintiffs' motion to remove Defendant as administratrix of the Ingram Estate.[2] Superior Court Judge Tanya Wallace affirmed the clerk of court's decision allowing Defendant to continue serving as administratrix of the Ingram Estate and remanded the matter to the clerk of court. As discussed further *infra*, the record reflects that Harrington has represented Defendant both in her individual capacity and in her role as administratrix at various times throughout the Estate Proceeding.

On 23 July 2012, Plaintiffs filed a complaint in Union County Superior Court asserting claims against Defendant both in her individual capacity and in her capacity as administratrix of the Ingram Estate. The complaint alleged, *inter alia*, that Defendant had committed fraud and breached fiduciary duties owed to Plaintiffs as heirs to the Ingram Estate "by intentionally commingling the Estate's assets with her own assets and converting Estate assets to her own use." On 7 August 2012, Harrington, on behalf of Defendant as administratrix of the Ingram Estate, filed a Rule 12(b)(6) motion to dismiss Plaintiffs' complaint and moved for a protective order.

On 15 August 2012, Plaintiffs moved to disqualify Harrington as counsel for Defendant in her capacity as administratrix, contending that "[i]t appears [Harrington] purport[s] to represent [Defendant] in both her individual capacity as well as in her capacity as Administrator of [the Ingram] Estate." Plaintiffs asserted that the nature of this representation created a conflict of interest between two current clients of Harrington – or between a current and former client, depending upon whether Harrington continued to represent the Ingram Estate through representation of Defendant in her capacity as administratrix.

Plaintiffs' motion to disqualify counsel came on for hearing in Union County Superior Court on 27 August 2012. At the hearing, Larry Harrington stated that (1) Harrington was representing Defendant only in her individual capacity; (2) Harrington was no longer representing Defendant in her capacity as administratrix; and (3) John T. Burns, who was present at the hearing, was assuming representation of Defendant in her capacity as administratrix of the Ingram Estate.

---

2. The clerk of court determined that Defendant had "done a reasonably good job of administration" and that although Ingram had not acknowledged paternity in the legal sense, he had acknowledged Defendant in other ways, such as naming her his attorney in fact, adding her to his BB&T savings account, and designating her as a beneficiary of his life insurance policy.

On 25 September 2012, the trial court entered an order setting forth the following pertinent findings:

> 1. . . . [Harrington] presently represent[s] [Defendant] individually in [this] civil action.
>
> 2. . . . [Harrington] either now represents or has previously represented [Defendant] in her representative capacity as Administrator of the Estate of Willie James Ingram, deceased, and the Estate of Willie James Ingram.
>
> . . . .
>
> 5. . . . [Defendant's] individual interests are not aligned with and are in fact adverse to the interests of the [Ingram Estate] and those of the Plaintiffs/Heirs.
>
> 6. . . . [I]t appears to the Court that Rule 1.7 of the North Carolina Rules of Professional Conduct for attorneys . . . preclude [Harrington] from representing [Defendant] in both her individual capacity or in her capacity as Administrator of the [Ingram Estate] without the express consent of the Plaintiffs/Heirs.
>
> 7. . . . [Plaintiffs] object to [Defendant's] continued service as Administrator of the [Ingram Estate] and are unwilling to consent to [Harrington's] continued representation of [Defendant] in any capacity.

Based upon these findings, the trial court disqualified Harrington from further representation of Defendant in her individual capacity both in this action and in the Estate Proceeding. From this order, Defendant appeals.

## II. Analysis

Preliminarily, we note the interlocutory nature of this appeal. However, our Supreme Court has held that an order *granting* a motion to disqualify counsel affects a substantial right and is thus immediately appealable. *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 727, 392 S.E.2d 735, 737 (1990). We further note that although Plaintiffs' motion sought to disqualify Harrington from representing Defendant in her capacity *as administratrix*, the trial court's order makes no determination regarding Harrington's ability to represent Defendant in her capacity as administratrix. Rather, the trial court ordered that Harrington be disqualified as counsel for Defendant *in her individual capacity*. Therefore, the

scope of our review is limited to the issue of whether the trial court erred in disqualifying Harrington from representing Defendant in her individual capacity.

We review the trial court's decision to disqualify counsel for abuse of discretion. *Travco Hotels, Inc. v. Piedmont Natural Gas Co., Inc.*, 332 N.C. 288, 295, 420 S.E.2d 426, 430 (1992). "To demonstrate an abuse of discretion, the appellant must show that the trial court's ruling was manifestly unsupported by reason, or could not be the product of a reasoned decision." *Nationwide Mut. Fire Ins. Co. v. Bourlon*, 172 N.C. App. 595, 601, 617 S.E.2d 40, 45 (2005) (citations omitted).

In the instant case, the trial court found as fact that Harrington represented Defendant both in her individual capacity and in her capacity as administratrix of the Ingram Estate. We believe that there is competent evidence in the record which supports this finding. For instance, regarding the Estate Proceeding, the record reveals that at the 21 June 2012 hearing on Plaintiffs' petition for removal, Larry Harrington admitted that Harrington had previously represented Defendant "individually and in her fiduciary capacity"; that on 17 July 2012, in response to a motion filed by Plaintiffs in the Estate Proceeding, Harrington filed an objection on behalf of Defendant in her capacity as administratrix; and that in an email correspondence dated 17 July 2012, James Harrington communicated the following to Plaintiffs' counsel: "Until you receive notice from us or a court determines otherwise, you can assume that we represent [Defendant] as Administrator of the Estate of Willie Ingram." Further, regarding the present action, the record reveals that Harrington has filed motions on behalf of Defendant in her capacity as administratrix of the Ingram Estate – for example, Defendant's motion to dismiss and Defendant's motion for a protective order, both of which were filed by Harrington on 9 August 2012 – and that at the hearing on Plaintiffs' motion to disqualify, Larry Harrington represented to the court that Harrington was still representing Defendant in her individual capacity. Consequently, this Court is bound by the trial court's finding that Harrington has represented Defendant in both capacities. *See Cornelius v. Helms*, 120 N.C. App. 172, 175, 461 S.E.2d 338, 339-40 (1995) (providing that "[w]hether an attorney-client relationship existed between plaintiffs and defendants is a question of fact for the trial court and 'our appellate courts are bound by the trial court's findings of facts where there is some evidence to support these findings, even though the evidence might sustain findings to the contrary' " (citation omitted)).

Moreover, the trial court determined that Defendant's interests in her individual capacity were not aligned, but were, in fact, adverse to

those of the Ingram Estate. Rule 1.9(a) of the North Carolina Revised Rules of Professional Conduct provides as follows:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Our review of Plaintiffs' complaint reveals that Plaintiffs' claims against Defendant support the finding that Defendant's interests (in her individual capacity) are materially adverse to those of the Ingram Estate – which Defendant represents in her capacity as administratrix – and the heirs (Plaintiffs) and creditors of the Ingram Estate. For instance, Plaintiffs allege that Defendant removed assets from the Ingram Estate "for the purpose of depriving those parties with legitimate interests in the [Ingram] Estate . . . of the beneficial use of [Mr. Ingram's] assets[,]" which places Defendant, individually, squarely at odds with Defendant as administratrix, a fiduciary vested with the duty of preserving the estate and acting in the best interests of the estate beneficiaries. *See generally* N.C. Gen. Stat. § 28A-13-3(a) (2011). Accordingly, we discern no abuse of discretion in the trial court's decision to disqualify Harrington from representing Defendant in her individual capacity under these circumstances.[3]

We note that our holding finds support in ethics opinions issued by the North Carolina State Bar, including N.C. St. B. Ethics Op. RPC 137 (Oct. 23, 1992) (providing that an attorney who has formerly represented an estate may not subsequently defend the former personal representative against a claim brought by the estate), and N.C. St. B. Ethics Op. RPC 22 (Apr. 17, 1987) (providing that in the absence of consent from the heirs, a lawyer may not represent the administratrix officially and

---

3. We note that the trial court's order proscribing Harrington's representation of Defendant in her individual capacity extends to the Estate Proceeding, which is currently pending before the clerk of court. We believe that the trial court acted within its "inherent authority" in so ruling. *See In re Northwestern Bonding Co.*, 16 N.C. App. 272, 275, 192 S.E.2d 33, 35 (1972) (providing that while "questions relating to the propriety and ethics of an attorney are ordinarily for the consideration of the North Carolina State Bar[,]" our courts have "inherent authority to take disciplinary action against attorneys . . . based upon the relationship of the attorney to the court and the authority which the court has over its own officers to prevent them from . . . acts of dishonesty or impropriety calculated to bring contempt upon the administration of justice" and that this authority "*extends even to matters which are not pending in the particular court exercising the authority*" (emphasis added)).

**WILLIAMS v. WILLIAMS**

[228 N.C. App. 753 (2013)]

personally where her interests in the two roles are in conflict). While we recognize that these opinions are not binding on this Court, they are nevertheless persuasive.

Defendant has abandoned her remaining arguments for failure to comply with Rule 28 of our Appellate Rules. See N.C. R. App. P. 28(b)(6) (2013) (providing that an appellant's argument "shall contain citations of the authorities upon which the appellant relies").

### III.  Conclusion

For the foregoing reasons, we affirm the trial court's order disqualifying counsel.

AFFIRMED.

Judges ELMORE and GEER concur.