Kingsdown, Inc. v. Hinshaw, 2015 NCBC 35.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION |
| ALAMANCE COUNTY | 14 CVS 1701 |
| KINGSDOWN, INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>W. ERIC HINSHAW, REBECCA<br>HINSHAW, and ANNE RAY,<br><br>Defendants. | ORDER AND OPINION ON<br>PLAINTIFF'S MOTION TO CLARIFY<br>THE COURT'S ORDER AND OPINION<br>ENTERED MARCH 25, 2015 AND<br>DEFENDANT ANNE RAY'S MOTION<br>TO DISQUALIFY COUNSEL |

{1}    **THIS MATTER** is before the Court on Plaintiff Kingsdown, Incorporated's ("Kingsdown" or the "Company") Motion to Clarify the Court's Order and Opinion Entered on March 25, 2015 (the "Motion to Clarify") and Defendant Anne Ray's ("Ray") Motion to Disqualify Counsel ("Ray's Motion to Disqualify") (collectively, the "Motions").

{2}    **THE COURT**, having considered the parties' Motions, briefs in support of and in opposition to the Motions, and the evidence of record, hereby **GRANTS** the Motion to Clarify, clarifies the Court's March 25 Order and Opinion as provided below, **DISQUALIFIES** Tuggle Duggins, P.A. ("Tuggle Duggins" or the "Firm") from further representation of Kingsdown in this matter against Defendants Eric and Rebecca Hinshaw ("the Hinshaws"), **DISQUALIFIES** Tuggle Duggins from further representation of Kingsdown and former Third-Party Defendant Frank Hood ("Hood") in this matter against Ray; and **DENIES AS MOOT** Ray's Motion to Disqualify.

> *Tuggle Duggins P.A. by Denis E. Jacobson, Jeffrey S. Southerland, and Alan B. Felts for Plaintiff Kingsdown, Incorporated.*
>
> *Smith Moore Leatherwood LLP by Robert R. Marcus, Heather C. White, Whit D. Pierce, and Richard A. Coughlin for Defendants W. Eric Hinshaw and Rebecca Hinshaw.*
>
> *William C. Ray for Defendant Anne Ray.*

Bledsoe, Judge.

# I.

## PROCEDURAL HISTORY

{3} The factual and procedural background of this case is recited in detail in the Court's March 25, 2015 Order and Opinion on Defendants Eric and Rebecca Hinshaw's Motion to Disqualify Kingsdown's Counsel and Kingsdown's Objection and Motion to Strike the December 10, 2014 Hinshaw Affidavit (the "March 25 Order and Opinion"), all of which is restated and incorporated herein by reference. *Kingsdown, Inc. v. Hinshaw*, 2015 NCBC 27 (N.C. Super. Ct. Mar. 25, 2015), www.ncbusinesscourt.net/opinions/2015_NCBC_27.pdf (granting motion to disqualify).

{4} In the March 25 Order and Opinion, the Court concluded that disqualification of Tuggle Duggins from representing Kingsdown against the Hinshaws in this litigation is appropriate because (i) Kingsdown did not meet its burden under Rule 1.10(b) to show that current attorneys at the Firm did not possess material confidential information of the Hinshaws that is substantially related to the matters at issue in this lawsuit and (ii) an appearance of impropriety exists because the Hinshaws' perception that their material confidential information is "potentially available to [their] adversary" in the present circumstances is reasonable.

{5} Based on its findings of fact and conclusions of law in the March 25 Order and Opinion, the Court "GRANT[ED] the Hinshaw Defendants' Motion to Disqualify, and . . . DISQUALIFIE[D] Tuggle Duggins from further representation of Kingsdown in this matter against the Hinshaws and ORDER[ED] the Firm to comply with the requirements of the North Carolina Rules of Professional Conduct in connection with any material confidential information of the Hinshaws that the Firm possesses." March 25 Order and Opinion ¶ 56.

{6} On April 1, 2015, Kingsdown filed a Motion for Expedited Status Conference, seeking clarification of the Court's March 25 Order and Opinion concerning the Firm's ability to continue to serve as outside general counsel for Kingsdown in connection with this matter and as litigation counsel for Kingsdown

and former Third-Party Defendant Hood on issues in this matter adverse to Defendant Ray.

{7} On April 5, 2015, Defendant Ray filed her Motion to Disqualify Counsel, seeking the disqualification of Tuggle Duggins in connection with the claims and counterclaims to which she is a party.

{8} On April 8, 2015, the Court convened a telephone status conference in connection with Kingsdown's Motion for Expedited Status Conference. Thereafter, with the consent of the parties, the Court entered an order converting Kingsdown's Motion for Expedited Status Conference to the Motion to Clarify and set an expedited briefing schedule on the Motion to Clarify and on Ray's Motion to Disqualify.

{9} The Motions are now ripe for resolution.

II.

ANALYSIS

The Motions

{10} In its Motion to Clarify, Kingsdown seeks clarification of "what the Court intended when it stated that Tuggle Duggins is disqualified from 'further representation of Kingsdown <u>in this matter against the Hinshaws</u>.'" (Kingsdown's Br. Supp. Mot. Clarify, p. 2 (quoting March 25 Order and Opinion ¶ 56).)

{11} Kingsdown contends that the Court intended in its March 25 Order and Opinion (or at least should now conclude) that Tuggle Duggins "should be permitted to continue in the [F]irm's role as corporate counsel and advise Kingsdown as long as the attorneys comply with the North Carolina Rules of Professional Conduct 'in connection with any material confidential information of the Hinshaws that the Firm possesses.'" (*Id.*)

{12} More specifically, based on its reading of the Court's March 25 Order and Opinion, Kingsdown contends and seeks clarification that Tuggle Duggins should be permitted to represent Kingsdown in connection with the Company's claims against Ray, Ray's counterclaims against the Company, Ray's defamation claim against former Third-Party Defendant (and Kingsdown Board Chair) Hood, and to continue to serve as outside general counsel to Kingsdown in connection with this litigation

"as long as such representation is consistent with the North Carolina Rules of Professional Conduct." (*Id.*, pp. 3–5.)

{13} In her Motion to Disqualify, Ray contends that Tuggle Duggins should be disqualified from representing Kingsdown and Hood adverse to Ray in this matter because (i) the Court's prior disqualification of Tuggle Duggins as to the Hinshaws should apply equally to Ray under *Love v. Tyson*, 119 N.C. App. 739, 743–44, 460 S.E.2d 204, 205–06 (1995); (ii) the Firm had "an implied concurrent attorney-client relationship" with Ray; (iii) the Firm advised Ray in connection with matters at issue in Ray's (to-be-refiled) counterclaims and (to-be-refiled) third-party complaint; and (iv) Ray intends to call attorneys and staff at the Firm as witnesses in this case. The Hinshaws filed a brief in opposition to Kingsdown's position in the Company's Motion to Clarify and in support of Ray's Motion to Disqualify, contending, in part, that the Firm should be disqualified from representing Kingsdown or Hood against all Defendants because Kingsdown's claims against Ray are substantially intertwined with the claims against the Hinshaws and that Kingsdown's position against Ray is directly adverse to the Hinshaws' interests.

<u>The Firm's Representation of the Company as Corporate Counsel</u>

{14} The Court turns first to Tuggle Duggins' contention that the Court intended that the Firm should be permitted to continue to serve as corporate counsel for Kingsdown (although not litigation counsel of record) and advise the Company in connection with this litigation, provided that the Firm does not disclose the Hinshaws' confidential information in the course of the Firm's representation of the Company. The Court disagrees.

{15} The Court ordered the disqualification of Tuggle Duggins "from representation of Kingsdown in this matter against the Hinshaws." (March 25 Order and Opinion ¶ 56.) The Court also separately ordered "the Firm to comply with the requirements of the North Carolina Rules of Professional Conduct in connection with any material confidential information of the Hinshaws that the Firm possesses." (*Id.*) The Court did not intend the Firm's disqualification to be conditioned on other factors or that the Firm could otherwise represent Kingsdown against the Hinshaws so long

as the Firm did not disclose the Hinshaws' confidential information. To the contrary, the Court intended that the Firm would cease all representation of Kingsdown adverse to the Hinshaws in this matter, whether as litigation counsel or otherwise. The Firm's failure to satisfy Rule 10(b) of the Rules of Professional Conduct and the appearance of impropriety created by the Firm's representation of Kingsdown do not disappear simply because the Firm is no longer counsel of record – as corporate counsel, the Firm is still representing a current client (Kingsdown) adverse to a former client (the Hinshaws) in a substantially related matter, and the ethical concerns attendant to that representation, including the appearance of impropriety, remain.

{16} Although no North Carolina case appears to be directly on point, the Court finds ample support from courts around the United States supporting the Court's disqualification of the Firm in this matter against the Hinshaws, whether as litigation counsel of record, corporate counsel or otherwise, in the present circumstances. *See, e.g., Byrd v. Hopson,* 108 F. Appx. 749, 754, n.1 (4th Cir., Aug. 9, 2004) (district court properly "insulated" disqualified attorney from further involvement in case where attorney "was attempting to continue representing [the client] despite the earlier disqualification order") (unpublished); *First Wisc. Mortg. Trust. v. First Wisc. Corp.,* 584 F.2d 201, 207 (7th Cir. 1978) (observing that "disqualified attorney, once disqualified, should not act by way of consultation or advice outside the court to the former client, a result of disqualification which would seem logically to follow and which would not seem to be arguable"); *Quark, Inc. v. Power Up Software Corp.,* 812 F. Supp. 178, 180 (D. Colo. 1992) (disqualifying a litigant's "longstanding counsel" and ordering that "no member of the [firm] may work on this litigation 'behind the scenes' and that no work-product may be turned over to successor counsel").

{17} The Court's directive in the March 25 Order and Opinion that the Firm must comply with the Rules of Professional Conduct does not change this result. Rather, the Court, having concluded that the Firm had failed to satisfy its burden under Rule 10(b) to show that it did not have material confidential information of the Hinshaws,

ordered the Firm to handle any such information it possessed in compliance with the Firm's obligations under the Rules of Professional Conduct. The Court intended this directive to make clear to the Firm that it should not disclose any of the Hinshaws' material confidential information to any other person, including, as the Hinshaws note in their opposition brief, to Kingsdown's new counsel.

{18} In sum, the Court intended the March 25 Order and Opinion to disqualify the Firm from representing Kingsdown in this matter adverse to the Hinshaws, whether as counsel of record in the litigation, corporate counsel, or in any other capacity. *See, e.g., Williams v. Williams*, 746 S.E.2d 319, 323, n.3 (2013) (noting trial court's "inherent authority" to disqualify attorneys "[even in] matters which are not pending in the particular court exercising the authority") (quotation and citation omitted); *see also Swenson v. Thibaut*, 39 N.C. App. 77, 109, 250 S.E.2d 279, 299, (1978) (noting that "the court's inherent power is not limited or bound by the technical precepts contained in the Code of Professional Responsibility").

The Firm's Representations Adverse to Ray[1]

{19} The Company contends that the Firm should be permitted to represent Kingsdown and Hood adverse to Defendant Ray because Tuggle Duggins has never represented Ray, does not have confidential information of Ray, and never "represented any party in this litigation relative to either expense reimbursements or the purported employment agreement," which the Company contends is the only "evidence pertinent to Kingsdown's affirmative claims against Ray." (Kingsdown Br. Supp. Mot. Clarify, p. 3.) In addition, while Kingsdown acknowledges that its affirmative "claims against Ray may implicate [Eric] Hinshaw," (*id.* at p. 2), the

---

[1] The Court noted in footnote 1 in the March 25 Order and Opinion that "whether Tuggle Duggins should be disqualified from representation adverse to Defendant Ray in this action [was] not presently before the Court" because Defendant Ray had not moved to disqualify the Firm at that time. Upon further review of the Hinshaws' Motion to Disqualify, however, the Court observes that the Hinshaws requested that the Court "disqualify the law firm of Tuggle Duggins, P.A. from serving as counsel in this matter for Plaintiff Kingsdown, Incorporated," (Hinshaws Motion to Disqualify), and thus sought disqualification of the Firm as against all Defendants. As a result, the Court finds that the issue of whether the Firm should be disqualified from representation adverse to Defendant Ray was before the Court on the Hinshaws' Motion to Disqualify and therefore that the issue of the Firm's disqualification as against Ray is properly before the Court on Plaintiff's Motion to Clarify.

Company and Hood contend that Ray's counterclaims and third-party claims do not implicate the Hinshaws.  The Court finds Kingsdown's arguments unpersuasive.

{20}   First, the Court notes that all of Plaintiff's claims against Ray are based on allegations that she and Eric Hinshaw collaborated with one another for their personal benefit and to Kingsdown's detriment.[2]  Moreover, three of these claims – breach of fiduciary duty, constructive fraud and conspiracy – are asserted against both Eric Hinshaw and Ray, collectively.  As such, it appears clear to the Court that were the Firm to represent Kingsdown on its claims against Ray, the Firm would necessarily, as the Hinshaws argue, "have to take factual and legal positions that Mr. Hinshaw vehemently disputes and that are directly adverse to his interests because they constitute the basis for Kingsdown's claims against the Hinshaws."  (Hinshaws' Resp. Kingsdown's Mot. Clarify, p. 9.)  Accordingly, because the Firm's representation of Kingsdown on its claims against Ray will require Kingsdown to take positions directly adverse to the Hinshaws on claims that are substantially related to the Firm's prior representation of the Hinshaws, the Court concludes that the same considerations requiring disqualification of Tuggle Duggins in this matter adverse to the Hinshaws likewise require disqualification of the Firm in connection with Kingsdown's claims against Ray.

{21}   Moreover, in the Court's March 25 Order and Opinion, this Court observed that "[s]eparate and apart from the technical application of the Rules of Professional Conduct to these facts, our courts have made clear that the Court's overarching consideration on a motion to disqualify is to "prevent even the appearance of impropriety and thus resolve any and all doubts in favor of disqualification." March

---

[2]  For example, the allegations in the Amended Complaint supporting the First Claim for Relief (breach of fiduciary duty) and the Second Claim for Relief (constructive fraud) include that "[Mr. Hinshaw] enter[ed] into the unauthorized Purported Employment Agreement with Ms. Ray," and that "[Mr. Hinshaw] approv[ed] numerous non-business related expenses of Ms. Ray and her family for reimbursement by Kingsdown while receiving the same benefit for himself and Rebecca Hinshaw in return from Ms. Ray."  Similarly, the allegations supporting the Fourth Claim for Relief (civil conspiracy) include that the Hinshaws and Ray "conspired and agreed amongst themselves and acted to defraud Kingsdown by authorizing non-business expenses for reimbursement by Kingsdown" and that the Hinshaws and Ray "conspired to conceal and deliberately withhold information from members of Kingsdown's Board regarding self-dealing activities of each of [them]."

25 Order and Opinion ¶ 48 (quoting *Chemcraft Holdings Corp. v. Shayban*, 2006 NCBC 13 ¶ 34 (N.C. Super. Ct. Oct. 5, 2006), http://www.ncbusinesscourt.net/opinions/2006%20NCBC%2013.htm). This Court further noted that "the right of one to retain counsel of his choosing is secondary in importance to the Court's duty to maintain the highest ethical standards of professional conduct to insure and preserve trust in the integrity of the bar. Avoiding a conflict and the appearance of impropriety are the best solutions." March 25 Order and Opinion ¶ 49 (quoting *Superguide Corp. v. DirecTV Enters.*, 141 F. Supp. 2d 616, 625 (W.D.N.C. 2001)). This Court also stated that its "primary concern in preventing the appearance of impropriety is the client's perception of events," March 25 Order and Opinion ¶ 48 (quoting *Chemcraft*, 2006 NCBC 13 ¶ 34), and that the Hinshaws' motion to disqualify "should succeed or fail on the reasonableness of [their] perception that confidences [they] once shared with [their] lawyer are potentially available to [their] adversary." *Id.* at ¶ 54 (quoting *Chemcraft*, 2006 NCBC 13 ¶ 34).

{22} Applying those principles here, the Court first notes that the Court has previously found that the Hinshaws have asserted a "reasonable, good faith belief that the confidences that they shared with Mr. Tuggle and others at Tuggle Duggins are now available to Kingsdown and can be used against their interests in this litigation." *Id.* Further, the Court has previously found that "the Hinshaws' perception that their material confidential information is potentially available to their adversary is reasonable." *Id.* (quotation omitted) In light of these findings, and given the interconnectedness of Kingsdown's claims against all Defendants, the likelihood that Ray's counterclaims will at a minimum involve the same employment contract on which Kingsdown has, in part, based its claims against all Defendants, the reasonable concern in these circumstances that the Firm's representation of Kingsdown or Hood adverse to Ray will inevitably result in the Firm taking actions directly adverse to the Hinshaws, and the Hinshaw's reasonable perception that their material confidential information is available to the Firm in litigating against Ray, the Court concludes that an appearance of impropriety exists and that disqualification of Tuggle Duggins from representing Kingsdown and Hood on issues

adverse to Ray is appropriate. *Id.* ("Where a reasonable client would be concerned by a potential conflict, a court must err on the side of disqualification").

{23} Having clarified that the Court's March 25 Order and Opinion requires the disqualification of Tuggle Duggins from representing Kingsdown adverse to the Hinshaws and Ray in this litigation, the Court concludes that Ray's Motion to Disqualify Counsel is moot.

III.

CONCLUSION

{24} Accordingly, based on the foregoing, and as clarification of the Court's March 25 Order and Opinion, the Court concludes that disqualification of Tuggle Duggins from representing Kingsdown against the Hinshaws and representing Kingsdown and Hood against Ray in this litigation is appropriate.

{25} **WHEREFORE**, the Court, having previously granted the Hinshaw Defendants' Motion to Disqualify, hereby **GRANTS** the Motion to Clarify and

   a. **DISQUALIFIES** Tuggle Duggins from further representation of Kingsdown in this matter against the Hinshaws, including as counsel of record, corporate counsel or otherwise;

   b. **DISQUALIFIES** Tuggle Duggins from further representation of Kingsdown and Hood in this matter against Ray, including as counsel of record, corporate counsel or otherwise; and

   c. **ORDERS** Tuggle Duggins to comply with the requirements of the North Carolina Rules of Professional Conduct in connection with any material confidential information of the Hinshaws that the Firm possesses, including the confidentiality and non-disclosure requirements of Rules 1.6 and 1.9 of the North Carolina Rules of Professional Conduct.

{26} The Court **DENIES** Ray's Motion to Disqualify as moot.

**SO ORDERED**, this the 22nd day of April 2015.